PEOPLE v. HUTCHINSON

1. CRIMINAL LAW—DRIVING UNDER INFLUENCE—ENLARGING PUNISHMENT—REQUIREMENTS.

The punishment of a person charged and convicted of driving under the influence of intoxicating liquor cannot be enlarged because of an earlier conviction of the same offense unless the earlier conviction has been charged (MCLA § 257.625).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.
[2, 4, 7, 8] 21 Am Jur 2d, Criminal Law § 451.
[2, 6] 41 Am Jur 2d, Indictments and Informations § 27.
[3] 21 Am Jur 2d, Criminal Law §§ 443, 451.
[5] 21 Am Jur 2d, Criminal Law § 441.

2. INDICTMENT    AND    INFORMATION—COMPLAINT—OFFENSES—OF-
FENSE TRIABLE.

An information may not charge a distinct offense from that
charged in the complaint and upon which the defendant was
examined.

3. CRIMINAL LAW—OFFENSE TRIABLE—PRELIMINARY EXAMINATION.

A defendant cannot be tried for an offense different from the
one for which he was examined or waived examination.

4. CRIMINAL LAW—DRIVING UNDER INFLUENCE—DISTINCT OFFENSES
—SECOND OFFENSE—THIRD OFFENSE.

The offenses of driving a motor vehicle under the influence of
intoxicating liquor charged as a third offense and of driving
a motor vehicle under the influence of intoxicating liquor
charged as a second offense are essentially the same offenses,
not distinct offenses, for the purpose of the rule prohibiting
the information from charging an offense distinct from the
offense on which the defendant was examined (MCLA § 257-
.625).

5. CRIMINAL LAW—COMPLAINT—FUNCTION OF COMPLAINT—AFTER-
PROCEEDINGS.

The primary function of the complaint is to move the magistrate
to determine whether a warrant shall issue and the justification
for issuance of the warrant need not appear in the complaint;
the complaint does not fix and control the after-proceedings.

6. INDICTMENT    AND    INFORMATION—BASIS—COMPLAINT—EXAMINA-
TION.

An information is not predicated upon the complaint or the
examination upon which the warrant issues, but it is presumed
to have been framed with reference to the facts disclosed at
the examination which succeeds the arrest.

7. CRIMINAL LAW — COMPLAINT — DRIVING UNDER INFLUENCE —
AMENDED COMPLAINT — THIRD OFFENSE.

Magistrate acted properly in granting a motion to amend a
complaint so as to charge the defendant with driving under
the influence of intoxicating liquor charged as a third offense,
rather than as originally charged as a second offense, and the
prosecutor properly filed an information charging commission
of a third offense where the defendant, having been charged
in the complaint as a second offender, was made aware before
the preliminary examination that his under-the-influence con-
viction record would be an issue and at the examination it

was discovered that defendant had twice been convicted of driving under the influence (MCLA § 257.625).

8. CRIMINAL LAW—COMPLAINT—AMENDMENT.

The power to amend a criminal complaint at the preliminary examination so as to correct inadvertence in charging a less serious offense is not circumscribed by the rule imposing restrictions on a judge's sentencing power on reconviction.

Appeal from Midland, James R. Rood, J. Submitted Division 3 May 4, 1971, at Grand Rapids. (Docket No. 8976.) Decided July 23, 1971.

Donald Lee Hutchinson was convicted of driving a motor vehicle under the influence of intoxicating liquor charged as a third offense. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Robert J. Rhead,* Assistant Prosecuting Attorney, for the people.

*Herbert D. Knudsen,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

LEVIN, J. The defendant, Donald Lee Hutchinson, appeals his conviction of driving a motor vehicle under the influence of intoxicating liquor, charged in the information as a *third* offense.[1]

The complaint charged the defendant with driving under the influence as a *second* offense, a misdemeanor punishable by imprisonment for not more than one year or a fine or both. At the preliminary examination it appeared that the defendant had

---

[1] MCLA § 257.625 (Stat Ann 1968 Rev § 9.2325).

been convicted of driving under the influence on two prior occasions within ten years.[2] The prosecutor moved to amend the complaint to charge the offense as a third offense, a felony punishable by imprisonment for not less than one year nor more than five years or a fine or both.[3] The motion was granted over the defendant's objection, and the defendant was bound over on the third offense charge.

The defendant appeals claiming that the offense charged in the complaint could not be changed or increased at the preliminary examination. We affirm.

Before the punishment of a person charged and convicted of driving under the influence can be enlarged because of an earlier conviction of the same offense, the earlier conviction must be charged. See *People* v. *Bosca* (1970), 25 Mich App 455, 458.

A person charged with an offense not cognizable by a justice of the peace is entitled to an examination on the charge. He may not be tried for an offense different from the one for which he was examined

---

[2] "Sec. 625.   (a) It shall be unlawful and punishable as provided in paragraph (c) of this section for any person whether licensed or not who is an habitual user of narcotic drugs, barbital or any derivative of barbital, or any person who is under the influence of intoxicating liquor or narcotic drugs, barbital or any derivative of barbital, to drive any vehicle upon any highway or any other place open to the general public, including any area designated for the parking of motor vehicles, within this state. * * *

"(c) Any person who is convicted of a violation of paragraph (a) or (b) of this section shall be punished by imprisonment in the county jail or Detroit house of correction for not more than 90 days or by a fine of not less than $50.00 nor more than $100.00 or both such fine and imprisonment in the discretion of the court, together with costs of the prosecution.

"On a second conviction under this section or a local ordinance substantially corresponding thereto, he shall be guilty of a misdemeanor and punished by imprisonment for not more than 1 year and, in the discretion of the court, a fine of not more than $1,000.00.

"On a third or subsequent conviction within a period of 10 years under this section or a local ordinance substantially corresponding thereto, he shall be guilty of a felony."

[3] MCLA § 257.902 (Stat Ann 1968 Rev § 9.2602).

or waived examination.[4]   As stated in *People* v. *Jones* (1872), 24 Mich 215, 218, the information may not charge "a distinct offense from that charged in the complaint, and upon which defendant was examined".

Here the offense originally charged in the complaint and the offense charged in the information filed after the preliminary examination were essentially the same, not distinct.  Because the defendant was charged in the complaint as a second offender he was made aware before the examination that his under-the-influence conviction record would be an issue at the examination.  At the examination the question of whether the defendant had been previously convicted of driving under the influence was a subject of inquiry.  It developed that he had been convicted on more than one previous occasion—twice before within ten years.

The complaint does not control the after-proceedings; the information is supposed to be framed on the facts disclosed at the preliminary examination:

"The primary function of the complaint is to move the magistrate to determine whether a warrant shall issue, and the justification for issuance of the warrant need not appear in the complaint. *Turner* v. *People* (1876), 33 Mich 363.  The complaint does not 'fix and control the after-proceedings.' *People* v. *Kahler* (1892), 93 Mich 625, 627. See, also, *People* v. *Pichette* (1897), 111 Mich 461, 462.  'The information is not predicated upon the complaint or the examination upon which the warrant issues, but it is presumed to have been framed with reference to the facts disclosed at the examination which succeeds the arrest.' *People* v. *Kahler, supra,* 627." *People* v. *Norman* (1968), 9 Mich App 647, 652.

---

[4] *People* v. *Handley* (1892), 93 Mich 46, 48; *Stuart* v. *People* (1879), 42 Mich 255, 259.

In *Yaner* v. *People* (1876), 34 Mich 286, 288–290, the Supreme Court referred to the statute which then and now provides that at a preliminary examination it is the duty of the magistrate to examine the complainant and the other witnesses "in regard to the offense charged and in regard to any other matters connected with such charge which such magistrate may deem pertinent".[5]   The Court observed that (pp 289, 290):

> "if it should appear, either upon the whole examination, or at any time during the progress thereof, that a higher offense, either of the same or a different degree than that charged in the warrant, had been committed, it would then be the duty of the magistrate, without any further or other preliminary complaint or examination, to issue a new warrant charging such accused with the higher offense, and proceed thereon as in other cases."

In this case when the prosecutor moved to amend the complaint to charge driving under the influence as a third offense the defendant did not claim surprise or move for a continuance of the examination. He did not seek a further examination; it was his claim, rather, that what was being done could not be done at all.   We repeat that the examination focused, after due notice to the defendant that this would be a subject of inquiry, on his under-the-influence driving record.

Under the circumstances, we conclude that the magistrate acted properly in granting the motion to amend the complaint and in binding the defendant over on a charge of driving under the influence charged as a third offense and that the prosecutor properly filed an information charging commission of a third offense.

---

[5] MCLA § 766.4 (Stat Ann 1954 Rev § 28.922) ; CL 1871, § 7855.

There is no suggestion that the charge was increased to penalize the defendant because he had pled not guilty when he was arraigned on the complaint charging the offense as a second offense and demanded an examination. We do not read *North Carolina* v. *Pearce* (1969), 395 US 711 (89 S Ct 2072, 23 L Ed 2d 656), where the defendant successfully appealed his conviction and was retried and again convicted and which limits a sentencing judge's power to impose a more severe sentence upon reconviction, as requiring comparable standards at a preliminary stage of the proceedings when frequently the facts are not fully developed. The power to amend to correct inadvertence in charging is not so circumscribed.

Conviction affirmed.

All concurred.