## PEOPLE v ABREGO

1. Witnesses—Criminal Law—Res Gestae Witnesses—Indorsement —Information.

   A prosecutor is required to indorse on the information and produce at trial all res gestae witnesses.

2. Witnesses—Criminal Law—Res Gestae Witnesses—False Accusations—Full Disclosure—Time and Place—Presumptions.

   A res gestae witness is one whose testimony is necessary to protect a defendant against false accusation or without whose testimony any part of the alleged criminal transaction may remain undisclosed; persons present at the time and place of a crime are presumed to be res gestae witnesses and must be indorsed or produced unless the prosecutor proves otherwise.

3. Witnesses—Criminal Law—Res Gestae Witnesses—Reasonable Doubts—Discretion of Court—Appeal and Error.

   Every reasonable doubt should be resolved in favor of indorsing and producing a res gestae witness when a defendant insists on his rights but the decision of the trial court as to the res gestae status of a witness will not be overturned on appeal unless clearly erroneous.

4. Drugs and Narcotics—Intent to Deliver—Inferences—Amount.

   Intent to deliver may be inferred from the amount of a controlled substance possessed by an accused.

5. Criminal Law—Appeal and Error—Elements of Crime—Evidence—Any Evidence.

   Sufficient evidence exists on a material element of a crime to support a jury verdict of guilty where any evidence at all,

References for Points in Headnotes
[1] 81 Am Jur 2d, Witnesses § 2.
[2] 81 Am Jur 2d, Witnesses § 481.
[3] 81 Am Jur 2d, Witnesses § 140.
[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 21.
[5] 21 Am Jur 2d, Criminal Law § 449.

whether direct or circumstantial, has been introduced on the element.

Appeal from Eaton, Willard L. Mikesell, J. Submitted June 1, 1976, at Grand Rapids. (Docket No. 24491.) Decided November 8, 1976.

Thomas Abrego was convicted of possession of heroin with intent to deliver. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David L. Smith,* Prosecuting Attorney, for the people.

*Bennett, Vilella & Mitchell,* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. L. MUNRO, J. On March 25, 1975, defendant was convicted in a trial before the court of possession of heroin with intent to deliver, contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), and was sentenced on April 10, 1975, to a prison term of 2 to 20 years. He now appeals as of right, arguing that the prosecutor erred in failing to indorse and produce an alleged res gestae witness and that insufficient evidence of an intent to deliver heroin was introduced at trial.

On July 11, 1974, the police approached the residence located at 4208 W. Michigan Avenue, Delta Township, Eaton County, for the purpose of executing a search warrant. When the officers drove their vehicle onto the lawn, four persons hurried from the house. Defendant, who was the first to exit, threw what appeared to be a cello-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

phane bag. Officer Ballis of the Lansing Police Department retrieved the bag which was subsequently found to contain heroin. Defendant was arrested for possession of heroin with intent to deliver. A total of 11 people, every person in or leaving the premises over 17 years of age, were arrested.

At the preliminary examination, Officer Ballis identified two of the persons who followed defendant out of the house when the police arrived as Esmerelda Abrego, defendant's sister, and Santiago Martinez. He was unable to identify the fourth individual.

On March 12, 1975, the day originally set for trial, defense counsel moved for the indorsement of the three persons who followed defendant out of the house as res gestae witnesses. Trial was adjourned and a *Robinson*[1] hearing was held on March 20, 1975. At the conclusion of the hearing, the trial court ruled that Esmerelda Abrego and Santiago Martinez were res gestae witnesses and that Magdalena Sanchez, Diane Sanchez, Christina Sanchez and Mary Santos Abrego, the other women at the residence who were arrested, should be indorsed and produced at trial for purposes of ascertaining the identity of the fourth individual, who, testimony at the hearing indicated, was a female.

At trial, Santiago Martinez testified that he saw Diane Sanchez outside the residence and saw her being led back into the house by the police. Neither Christina nor Diane Sanchez were at trial. The prosecution requested that it be excused from producing the two as a diligent effort had been made to secure their attendance. The trial court ruled that the unidentified individual was Diane

---

[1] *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

Sanchez, that she was not a res gestae witness because she was not in a position to observe the events giving rise to the prosecution, and that even if it was assumed she was a res gestae witness, the prosecution had demonstrated due diligence in attempting to locate her.

The prosecutor is required to indorse on the information and produce at trial all res gestae witnesses. MCLA 767.40; MSA 28.980, *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). This Court has broadly defined a res gestae witness to include not only one who witnesses a crime but one who is present at the time and place of the crime, observes the surroundings, and sees nothing; that is, one whose testimony is necessary to protect the defendant against false accusation or without whose testimony any part of the transaction may remain undisclosed. *People v Anderson,* 64 Mich App 218; 235 NW2d 746 (1975), *People v Harrison, supra.* Persons present at the time and scene of the crime are presumed to be res gestae witnesses and the prosecutor must prove otherwise. *People v Hicks,* 63 Mich App 595; 234 NW2d 720 (1975), *People v Samuels,* 62 Mich App 214; 233 NW2d 520 (1975). Every reasonable doubt should be resolved in favor of indorsing and producing a person as a res gestae witness when a defendant insists on his rights. *People v Harrison, supra, People v Hicks, supra.* The decision of the lower court as to the status of a witness will not be overturned unless clearly erroneous. *People v Dixon,* 45 Mich App 64; 205 NW2d 852 (1973), *rev'd on other grounds,* 392 Mich 691; 222 NW2d 749 (1974). The conclusion of the trial court, in the present case that Diane Sanchez was not a res gestae witness, was supported by the evidence. The testimony taken at the *Robinson* hearing and at

trial indicates that defendant was the first one out of the door, followed by his sister Esmerelda Abrego and Santiago Martinez. Diane Sanchez would necessarily be the last to exit. Esmerelda Abrego testified that the defendant was outside the house 30 seconds before she herself exited. She variously testified that she was one foot and three feet from him when leaving. Two officers present at the scene testified that defendant was the only person outside the house when he threw the cellophane bag. Defendant's testimony itself indicates that Esmerelda and Martinez who were ahead of Diane Sanchez may still have been inside the door when he tossed what, according to him, was a marijuana cigarette. Diane Sanchez therefore was still inside the house when officers saw defendant throw the cellophane bag. Since she was not in a position to witness the events resulting in the present prosecution, her testimony could not possibly protect defendant from false accusations or add to the re-creation of the events outside the residence. GCR 1963, 517.1 provides in pertinent part:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

Resolution of the present issue makes unnecessary a review of the trial court's ruling as to prosecution efforts to produce Diane Sanchez at trial.

At the close of the prosecution's case, defense counsel moved that the charge against defendant be reduced to simple possession as insufficient evidence of an intent to deliver had been produced. The motion was denied. On appeal defendant ar-

gues that intent to deliver cannot be inferred solely from the quantity of a controlled substance possessed. Defendant's argument ignores prior decisions of this Court. Intent to deliver can be inferred from the amount of a controlled substance possessed by the accused. *People v Serra,* 55 Mich App 514; 233 NW2d 28 (1974). See, *People v Mumford,* 60 Mich App 279; 230 NW2d 395 (1975). In the present case, Officer Ballis testified that he had been involved in 100 to 150 heroin cases, he had examined containers represented to him as containing one straight hit of heroin, and he described the containers as aluminum packets, 1/2" to 3/4" long, 1/4" wide and 1/16" to 1/8" thick. Frank Schehr, a laboratory scientist for the Michigan State Police, testified that the contents of the bag thrown by the defendant weighed 2.1 grams and consisted of 8% heroin. He admitted examining packets of the dimensions described by Officer Ballis and testified that such containers usually contain 50–60 milligrams of a substance which is typically 5% to 9% heroin. On that basis, Schehr estimated that the contents of the bag recovered by Ballis would have produced 35 to 46 one-milligram packets. Schehr admitted that he had no personal knowledge of whether the packet described constituted a street hit and that he and Ballis might have different understandings as to the amount contained in a single aluminum container. Sufficient evidence exists on a material element of a crime if any evidence at all, either direct or circumstantial, has been introduced. *People v DeClerk,* 58 Mich App 528; 228 NW2d 447 (1975), *lv granted,* 394 Mich 835 (1975), *People v Moore,* 51 Mich App 48; 214 NW2d 548 (1974). In the instant case, sufficient evidence was presented to permit the inference of an intent to deliver and warranted the trial court's denial of defense coun-

sel's motion for a directed verdict. The testimony of Ballis and Schehr indicated that the quantity of heroin possessed by defendant was capable of producing 35 to 46 street hits, allowing the court to infer that the amount was not held by defendant for personal use alone.

Affirmed.