PEOPLE v JOHN MOORE

1. WITNESSES—CRIMINAL LAW—COMPLAINING WITNESS—HOME AD-
DRESS.OF WITNESS—RIGHT OF CONFRONTATION—CREDIBILITY OF
WITNESSES.

The refusal of both a magistrate at a defendant's preliminary
examination and the trial court to order a complaining witness
to divulge his home address was not a denial of the defendant's
right of confrontation where the circumstances were such that
the refusal to supply a home address did not result in a denial
of the opportunity for the defendant to place the witness in his
proper setting and thereby test his credibility.

2. CRIMINAL LAW—EVIDENCE—HEARSAY TESTIMONY—HEARSAY RULE
—EXCLUSION OF EVIDENCE—DISCRETION OF TRIAL COURT.

Proffered testimony by a witness that another person had told the
witness that she was a police agent which was being introduced
by a defendant for the purpose of showing that the other
person was a police agent was hearsay evidence; therefore, the
trial court's exclusion of the testimony was a proper exercise of
its discretion where the defendant failed to cite any exception
to the hearsay rule which would allow introduction of the
testimony.

3. WITNESSES—RES GESTAE WITNESSES—CRIMINAL LAW—ACCOMPLICES
—INDORSEMENT.

Alleged res gestae witnesses who are chargeable as accomplices
are not res gestae witnesses for purposes of indorsement.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 333–344.
    81 Am Jur 2d, Witnesses §§ 463, 464.
    Federal constitutional right to confront witnesses—Supreme Court
    cases. 23 L Ed 2d 853.
[2] 29 Am Jur 2d, Evidence § 493 et seq.
[3] 29 Am Jur 2d, Evidence § 708 et seq.
    81 Am Jur 2d, Witnesses § 103.
[4] 75 Am Jur 2d, Trial § 88.
    81 Am Jur 2d, Witnesses §§ 419, 420.
[5] 81 Am Jur 2d, Witnesses § 525.
[6] 75 Am Jur 2d, Trial § 88.
[7] 75 Am Jur 2d, Trial § 233.

4. CRIMINAL LAW—COURTS—TRIAL—WITNESSES—JUDICIAL QUESTION-
    ING—APPEAL AND ERROR.

Questions asked of a complaining witness by the trial court did
not have the effect of unfairly influencing the jury's verdict
against the defendant and, therefore, there was no error, where
a careful review of the entire record shows that the trial
court's questions had the apparent intent and effect of resolving
ambiguities and bringing out additional relevant testimony
that potentially could have aided either the prosecution or the
defense and no interjection of the trial court's personal views
or bias is shown.

5. WITNESSES—CRIMINAL LAW—IMPEACHMENT—PRIOR CONVICTIONS—
    FELONY CONVICTIONS—STATUTES.

A defendant who takes the witness stand may be impeached by
the use of his prior felony convictions; therefore, it was not an
abuse of the trial court's discretion to allow impeachment of
the defendant by evidence of a prior conviction for the altera-
tion of a pistol, which is a felony (MCLA 750.230; MSA 28.427).

6. CRIMINAL LAW—EVIDENCE—DEFENDANT'S FINANCIAL STATUS—REL-
    EVANCY OF EVIDENCE—APPEAL AND ERROR.

The prosecution's questioning of a defendant, on cross-examina-
tion, regarding the defendant's financial and employment sta-
tus was not reversible error where such questions were few and
arguably relevant in light of the defendant's volunteered asser-
tion that he was not a rich man and where no objection was
made in the trial court; alleged error to which no objection is
made at trial is not subject to appellate review absent a
showing of manifest injustice.

7. CRIMINAL LAW—PROSECUTOR'S COMMENTS—STATEMENTS OF DE-
    FENSE COUNSEL.

Remarks of a prosecutor will not be held to constitute reversible
error where the remarks are induced by and made in response
to statements by defense counsel.

Appeal from Saginaw, Joseph R. McDonald, J.
Submitted June 6, 1977, at Lansing. (Docket No.
30187.) Decided September 7, 1977.

John Moore was convicted of delivery of heroin.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *James T. Borchard,* Assistant Prosecuting Attorney, for the people.

*Thick & Bush,* for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

DANHOF, C. J. Defendant was convicted on October 2, 1975, by a circuit court jury of one count of delivery of a controlled substance, heroin, in violation of MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). Defendant was sentenced on November 17, 1975, to a term of 10 to 20 years in prison and appeals as of right.

At trial the prosecution presented testimony by an undercover state police narcotics officer. He testified that on January 9, 1975, he had gone with Rosemary (Lottie) Hanes to a Saginaw residence occupied by the defendant and an unidentified woman. There defendant had sold the officer 5 grams of heroin. Defendant testified that although he owned the residence in question he did not live there, had not been there at the time of the purported heroin sale, and had never sold any heroin to the complaining witness. No other evidence directly implicating the defendant was produced. Neither Rosemary Hanes nor the unidentified woman were produced to testify. In this appeal defendant puts forth several allegations of error.

Defendant argues that he was denied his Sixth Amendment right of confrontation in that both the magistrate at his preliminary examination and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial court refused to order the complaining witness to divulge his home address. The circumstances here are almost identical with those found in *People v Pleasant,* 69 Mich App 322; 244 NW2d 464 (1976). Under the circumstances of this case there was no error in permitting the undercover officer to keep secret his address.

Defendant also asserts that the trial court improperly excluded, as inadmissible hearsay, testimony by a witness that Rosemary Hanes had told the witness that she was an agent of the Michigan State Police. Since the only purpose the defendant advanced for the introduction of the testimony was to show that Rosemary Hanes was a police agent, the proffered testimony was hearsay. The defendant fails to cite any exception to the hearsay rule which would allow introduction of this testimony. Therefore, we believe that the trial court's exclusion of the testimony was a proper exercise of its discretion. See *People v George Jones,* 48 Mich App 102, 106; 210 NW2d 145 (1973).

Defendant further contends that Rosemary Hanes and the unidentified woman should have been indorsed as res gestae witnesses and that since they were not the court compounded its error by refusing to instruct the jury that absent the production of these witnesses or diligent efforts by the prosecutor to produce them, the jury could presume their testimony would be adverse to the prosecution. *People v Simpson,* 57 Mich App 320; 225 NW2d 748 (1975). In refusing to give the requested instruction the trial court stated on the record:

"Mr. Thick had asked the Court that I give this instruction in regard to witnesses: 'I further instruct you that unless the prosecution has shown a diligent effort to identify all witnesses, they are not excused

from producing them at trial. Therefore, if you find that the prosecution has not made a diligent effort to identify all witnesses and you thereby have been deprived of the testimony of the unidentified witnesses, you may presume that the witness, if called, would testify adversely to the People's case.'

"Now, as the evidence will show in this case, there were two other individuals present at the actual transfer of the controlled substance in this case, as testified by the People's witnesses. One was a Lottie Hanes, who herself has been charged in this case and has not yet been apprehended by the People or tried. The other was an unidentified black female, who let the witness Maddox and Lottie Hanes into the house on that particular day.

"The Court had an extensive pretrial hearing in this regard about failure to endorse the witnesses. The People have—at that time indicated to the Court that they do not know the identity of this witness. And, of course, the other one was a—officially charged as an accomplice. Under the law, as it stands in Michigan, there is no duty even if endorsed to call or produce an accomplice.

"Also, from the testimony as elicited at this trial, it was very evident that the People could have—if they could probably identify—have charged the black female as an accomplice in this case."

The record does disclose testimony that Ms. Hanes had been charged and that the other unidentified woman had admitted the complainant and Ms. Hanes into the house and had been present at the actual transfer of the controlled substance. This evidence produced at trial supports the trial court's finding that both of these witnesses were "chargeable" as accomplices. Therefore, neither was a res gestae witness for purposes of indorsement. *People v Penn,* 70 Mich App 638, 647; 247 NW2d 575 (1976).

Defendant further asserts that the trial court showed bias in its questioning of the complaining

witness. A careful review of the entire record shows that the trial court's questions had the apparent intent and effect of resolving ambiguities and bringing out additional relevant testimony that potentially could have aided either the prosecution or the defense. The record does not show any interjection of the trial court's personal views or bias. The trial court's questions did not have the effect of unfairly influencing the jury's verdict against the defendant and therefore there was no error. *People v Redfern,* 71 Mich App 452, 456; 248 NW2d 582 (1976). *People v Gray,* 57 Mich App 289, 295; 225 NW2d 733 (1975).

During cross-examination of the defendant, the prosecutor brought out the fact that the defendant had a prior conviction for alteration of a pistol. Defendant claims this was reversible error citing *People v Renno,* 392 Mich 45, 55; 219 NW2d 422 (1974). In *Renno* the Court held that a criminal defendant could not be impeached through the use of municipal ordinance or misdemeanor convictions. Alteration of a pistol in violation of MCLA 750.230; MSA 28.427 is a felony. The record shows that the trial court properly exercised its discretion in allowing use of this prior felony conviction to impeach the defendant. See *People v Kelly,* 66 Mich App 634, 637; 239 NW2d 691 (1976), and *People v Fudge,* 66 Mich App 625, 630; 239 NW2d 686 (1976).

Defendant argues that the trial court abused its discretion by allowing the prosecutor on recross-examination to question the defendant as to his financial and employment status. He cites *People v Johnson,* 393 Mich 488, 498; 227 NW2d 523 (1975), wherein the Court stated: "Whether defendant was rich or poor, employed or unemployed, has nothing to do with guilt in the instant case." In *People v*

*LaForte,* 75 Mich App 582; 236 NW2d 44 (1977), this Court reversed a conviction on the ground, *inter alia,* that the prosecution had "stressed defendant's poverty and lack of employment as a means of supplying a motive". 75 Mich App at 583. Judge RILEY's opinion pointed out that the prosecutor had made "a studied attempt to show that persons in dire financial straits are predisposed to break the law". 75 Mich App at 584. Here the plaintiff asserts on appeal that "[w]hen the Defendant is charged with selling heroin, an inquiry into the defendant's income becomes very relevant". We do not agree. We do not, however, find reversible error in this case. The facts here are different from *Johnson* and *LaForte.* Here the prosecution's questions were few, and arguably relevant in light of defendant's volunteered assertion that "I'm not a rich man". No reference was made to the defendant's financial or employment status in the prosecution's closing argument. Defendant did not object at trial to the line of questions which he now asserts as error. Absent a showing of manifest injustice, which has not been made here, the asserted error is not subject to appellate review. *People v Martin,* 75 Mich App 6; 254 NW2d 628 (1977). *People v Kincade,* 61 Mich App 498, 506–507; 233 NW2d 54 (1975).

Contrary to defendant's contention we find that he suffered no prejudice by virtue of the trial court's disclosure at the end of the voir dire of the jury that defense counsel had used up his peremptory challenges.

The complaining witness's testimony that he had met with the defendant on two other occasions was proper to establish the witness's ability to identify the defendant. Defendant's assertion that this testimony conjured up the image of other deliveries of heroin has no support in the record.

The prosecutor's reference in his closing argument to the fact that the undercover state police agent had to be "brought in" from Detroit was made in reply to, and in explanation of, defense counsel's closing argument asking why the defendant's arrest was delayed. "It is well-settled that remarks of the prosecutor when induced by and made in response to statements by defense counsel will not be held to constitute reversible error." *People v Pomranky*, 62 Mich App 304, 310–311; 233 NW2d 263 (1975).

We conclude that the defendant received a fair trial. No errors requiring reversal have been shown.

Affirmed.