PEOPLE v FERGUSON

PEOPLE v PRATT

Docket Nos. 78-2663, 78-5170. Submitted June 21, 1979, at Lansing.—
Decided December 5, 1979. Leave to appeal applied for.

Elmer Ferguson and Willie V. Pratt were each convicted in a
joint trial of possession of a controlled substance with intent to
deliver, Saginaw Circuit Court, Eugene Snow Huff, J. Both
defendants appealed, and the appeals were consolidated. The
defendants allege several errors. *Held:*

1. Defendant Ferguson alleges that the trial court lost juris-
diction to try him because of violation of the rule that a
prisoner must be brought to trial on outstanding charges
within 180 days of the time the prosecutor is notified of the
prisoner's location. Ferguson was incarcerated 212 days before
trial began, thus establishing a prima facie violation of the 180-
day rule. However, the prosecution has shown a sufficient good
faith effort to commence proceedings to avoid a finding of a
violation of the 180-day rule.

2. An affidavit upon which a search warrant was based
sufficiently detailed the credibility of an unnamed informant

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 249-251.
[2] 75 Am Jur 2d, Trial § 20 *et seq.*
[3] 75 Am Jur 2d, Trial §§ 623, 624, 716.
[4] 5 Am Jur 2d, Appeal and Error § 601.
   75 Am Jur 2d, Trial § 166.
[5] 75 Am Jur 2d, Trial § 193.
   81 Am Jur 2d, Witnesses §§ 474-476, 484, 495-497.
[6] 21 Am Jur 2d, Criminal Law §§ 219, 228.
[7] 81 Am Jur 2d, Witnesses § 2.
[8] 5 Am Jur 2d, Appeal and Error § 607 *et seq.*
   21 Am Jur 2d, Criminal Law §§ 227, 228.
[9] 75 Am Jur 2d, Trial § 192 *et seq.*
   81 Am Jur 2d, Witnesses §§ 524, 525, 582, 593.
[10] 75 Am Jur 2d, Trial § 491 *et seq.*
[11, 12] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 47.
   29 Am Jur 2d, Evidence § 266.

and the reliability of the information presented to support the issuance of the search warrant.

3. Sufficient evidence was presented at the preliminary examination to bind each of the defendants over for trial on the charge of possession of heroin with intent to deliver.

4. A severance was not required in the absence of a showing that the defenses presented by Ferguson and Pratt were antagonistic or that the joint trial prejudiced substantial rights of either defendant.

5. The trial court did not err in refusing to instruct the jury on the lesser included offense of use of heroin. Because use of heroin carries a maximum punishment of no more than one year in prison and possession with intent to deliver is punishable by more than two years in prison, Supreme Court precedent precludes the giving of the instruction on use.

6. Introduction into evidence of narcotics paraphernalia did not deny the defendants a fair trial, and the defendants' failure to object to its introduction may be attributed to trial strategy.

7. The prosecutor's brief questioning regarding defendant Ferguson's employment was arguably relevant to material matters at issue, no objection was raised at trial, and no manifest injustice has been shown.

8. The defendants waived any right to compel the presence of two witnesses at trial where they failed to move for the indorsement and production of the witnesses even though they were aware of the witnesses' identity well before trial. Also, because the two witnesses were accomplices of the defendants, the prosecution was not required to indorse and produce them.

9. Failure of the defendants to move in the trial court for a new trial on the basis that the jury verdict was against the great weight of the evidence precludes appellate review on that issue.

10. The defendants have failed to substantiate their claim that the prosecution purposely excluded blacks from the jury.

11. Any prejudice which may have occurred when the prosecution accused defense counsel of unethical conduct was alleviated by a curative instruction by the court.

12. The prosecutor's gesticulations in closing argument, emphasizing the absence of a third codefendant who had absconded, was harmless error, if error at all.

13. The prosecutor did not offer evidence of prior bad acts of defendant Ferguson by merely asking Ferguson if he had ever purchased heroin from the absent codefendant.

14. Denial of the defendants' motion for a directed verdict of acquittal was proper.

Affirmed.

1. CRIMINAL LAW — INCARCERATED DEFENDANTS — 180-DAY RULE —
   STATUTES.

   A lapse of more than 180 days between the time a prosecutor
   learns that a defendant against whom there are outstanding
   charges is an inmate of a penal institution and the time of his
   trial establishes a prima facie violation of the statutory provi-
   sion that trial is to be had in such a case within 180 days; in
   order to prevent the operation of the statute the prosecution
   must show good faith action on its part to ready the case for
   trial within the 180-day period (MCL 780.121; MSA 28.969[1]).

2. CRIMINAL LAW — TRIAL — SEVERANCE — ANTAGONISTIC DEFENSES
   — PREJUDICE — APPEAL AND ERROR.

   Severance was not required where the defenses presented by
   codefendants were not antagonistic to one another and where
   there is no affirmative showing of prejudice to substantial
   rights of either defendant.

3. CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER INCLUDED
   OFFENSES.

   A trial court may not instruct a jury on a lesser-included offense
   which is punishable by a maximum of one year imprisonment
   where the greater offense with which a defendant is charged is
   punishable by incarceration for more than two years.

4. APPEAL AND ERROR — EVIDENCE — LACK OF OBJECTION — MANI-
   FEST INJUSTICE.

   Appellate review of the introduction of evidence at trial is pre-
   cluded where no objection to the introduction of the evidence
   was made at trial, except where there is a showing of manifest
   injustice.

5. CRIMINAL LAW — CROSS-EXAMINATION — DEFENDANT'S EMPLOY-
   MENT.

   Questioning on cross-examination of a defendant regarding his
   employment at the time of the charged offense is improper
   unless the questioning is relevant to material matters at issue.

6. WITNESSES — CRIMINAL LAW — INDORSEMENT OF WITNESSES —
   WAIVER.

   A defendant who fails to make a timely motion for the indorse-
   ment and production of a witness whose identity is known well
   before trial waives any right the defendant may have had to
   the witness's presence at trial.

7. WITNESSES — CRIMINAL LAW — ACCOMPLICES.

A prosecutor is not required to indorse and produce at trial an accomplice of the defendant.

8. APPEAL AND ERROR — JURY VERDICT — WEIGHT OF EVIDENCE — MOTION FOR NEW TRIAL.

Failure of a defendant to move for a new trial in the trial court on the ground that a jury verdict was against the great weight of the evidence precludes appellate review of that issue.

9. CRIMINAL LAW — PROSECUTORS — PRIOR BAD ACTS.

A prosecutor who, in cross-examination, merely asks a defendant who is charged with possession of heroin with intent to deliver whether he has ever purchased heroin from another person does not thereby offer evidence of prior bad acts of the defendant which, if improperly admitted, would constitute prejudicial error.

10. CRIMINAL LAW — DIRECTED VERDICTS — EVIDENCE — ELEMENTS OF CRIME.

Denial of a motion for a directed verdict of acquittal is proper if, viewing the evidence presented by the prosecution, there is sufficient evidence on each element of the crime charged upon which the jury could base a verdict of guilty beyond a reasonable doubt.

11. DRUGS AND NARCOTICS — EVIDENCE — POSSESSION — INTENT TO DELIVER.

Possession and intent to deliver a controlled substance may be proved by circumstantial evidence and reasonable inferences drawn therefrom.

12. DRUGS AND NARCOTICS — INTENT TO DELIVER — AMOUNT POSSESSED.

Intent to deliver a controlled substance may be inferred from the amount of the controlled substance possessed by an accused.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, *William D. White,* Assistant Prosecuting Attorney, in *Ferguson,* and *Linda Berns Wright,* Assistant Prosecuting Attorney, in *Pratt.*

*Allsopp & Palacios,* for defendant Ferguson.

*Joseph Samuel Scorsone,* for defendant Pratt.

Before: CYNAR, P.J., and MACKENZIE and L. W. CORKIN,* JJ.

CYNAR, P.J. Defendant Ferguson was convicted by a jury of possession of a controlled substance with intent to deliver, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a),[1] and was sentenced to 8 to 20 years imprisonment. He appeals as of right.

Defendant Pratt was also convicted by a jury of possession of a controlled substance with intent to deliver, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and sentenced to 6 to 20 years imprisonment. He too appeals as of right.

The evidence adduced at the joint trial of the defendants established the following facts.

On March 26, 1977, under authority of a search warrant, the Saginaw Police Department conducted a raid upon an apartment within the city. Upon arriving the officers involved looked through a living room window and saw two individuals sitting on a couch. As they knocked and announced their identity and purpose, they saw a third person exit the living room quite rapidly. Receiving no response from within, and concerned that narcotics were going to be disposed of, they obtained entry by using a battering ram.

The officers noticed that the bathroom door, visible from the living room, was open. Approaching the bathroom, they saw defendants Ferguson and Pratt, as well as codefendant Eugene Johnson, near the toilet. Pratt was holding a small vial

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Repealed by 1978 PA 368, effective September 30, 1978. For current provisions, see MCL 333.7401; MSA 14.15(7401).

which Ferguson pushed out of his hand, sending heroin onto the floor as well as into the commode.

Pratt was also found to be in possession of packets of heroin, while Ferguson had on his person a syringe, a spoon, and some currency. Johnson had scattered about the bathroom floor some $980 as well as a substantial quantity of heroin.

In the kitchen, the officers found narcotics paraphernalia, including aluminum foil and spoons, and discovered more heroin on the kitchen floor.

On appeal, defendants raise a host of issues. Initially, defendant Ferguson contends that the trial court lacked jurisdiction to try his case, because of noncompliance with the so-called 180-day rule[2] on the part of the prosecutor. Specifically, Ferguson charges that the prosecution failed to

[2] MCL 780.131 et seq.; MSA 28.969(1) et seq., which provide in pertinent part:

"Sec. 1. Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail.

"Sec. 2. The department of corrections shall notify each prisoner of any request forwarded under the provisions of section 1 of this act.

"Sec. 3. In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

take any affirmative steps to timely bring the case to trial, and thereby did not meet its burden of engaging in good faith *action* in this regard. In support of this assertion, he relies upon *People v Hill*.[3]

In this case, Ferguson was sentenced on a prior charge May 16, 1977, and detained pending incarceration thereon, which began the running of the 180-day period under the standard articulated in *People v Hill, supra,* 280-281,[4] as defendant had already been charged in the instant prosecution. Trial did not begin until December 13, 1977, some 212 days later. This establishes a prima facie violation of the 180-day rule, requiring the prosecution to show some good faith action on its part to ready the case for trial within the 180-day period. *People v Hill, supra,* 281, *People v Wright,* 89 Mich App 244, 250; 280 NW2d 836 (1979).

Whether this standard is satisfied is basically an ad hoc determination, arrived at by a review of the unique circumstances of the case. We find sufficient good faith action on the part of the prosecutor to ready the case for trial within the statutory period so as to satisfy the mandate of *People v Hill.*

---

[3] 402 Mich 272; 262 NW2d 641 (1978).

[4] The Court in *People v Hill* stated:

"We hold that the statutory period begins with the coincidence of either conditions 1 or 2 and condition 3:

"1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison;

"2) The incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and

"3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody." *Id.,* 280-281.

Defendant Ferguson was arraigned on May 16, 1977, the same day he was sentenced on a prior charge. His trial counsel shortly thereafter filed two motions, to which the prosecutor responded promptly by brief and which were argued in May and June. On September 19, 1977, a trial notice was sent to him, with the trial date set for December 13, 1977. On November 18, 1977, Ferguson filed a motion to suppress evidence alleged to have been seized illegally, which motion was heard and denied November 28, 1977. Finally, on December 8, 1977, a writ of habeas corpus ad prosequendum was sought and issued, and trial commenced December 13.

We find these actions consonant with a good faith effort to commence the proceedings in a timely fashion. Each was directed at readying the case for trial, although some actions were taken in response to defense motions. As the bulk of these efforts took place within 180 days of the date the statutory period began to run, taken as a whole they are sufficient good faith action to meet the demands of *People v Hill. Cf., People v Wright, supra,* 252-253, *People v Farmer,* 16 Mich App 148, 151; 167 NW2d 597 (1969).

Defendants next attack the search warrant used to gain entry into and to search the apartment in which they were arrested. Defendants claim that the warrant was defective in that the supporting affidavit failed to detail adequately the credibility of an unnamed police informant and the reliability of the information which served as the basis for issuing the disputed warrant. We find this claim to be without merit.

The affidavit[5] in this case is far more detailed

---

[5] The affidavit reads in relevant part as follows:
"The affidavit and complaint on oath and in writing of Reed L.

than that found sufficient in either *People v Jerry Johnson*, 68 Mich App 697; 243 NW2d 715 (1976), or *People v Thomas*, 86 Mich App 752; 273 NW2d 548 (1978), and compares favorably with the affidavit found sufficient in *People v Davis*, 72 Mich App 21; 248 NW2d 690 (1976). Therefore, the search warrant was properly issued.

We find no substance in defendants' contention that there was not sufficient evidence established at the preliminary examination to bind each of the

Vaughn, of the City of Saginaw, County of Saginaw, State of Michigan. Taken and made before me, Bruce J. Scorsone, a District Judge for the 70th Judicial District of the State of Michigan, and Upon the 25th day of March, A.D. 1977, who being by me duly sworn, says that the premises owned or occupied by an unknown negro male known as 3006 Douglas Street, Saginaw, Michigan, and described as a two story multi-family dwelling, being green in color with yellow trim on windows. In particular the downstairs apartment known as 3006 Douglas Street, Saginaw, County of Saginaw, State of Michigan. The entrance being on the west side of house facing Douglas Street, is presently being used to illegally store Heroin particularly at the above named address.

"The facts which I know personally are as follows: That on or about the 25th day of March 1977 affiant was in contact with an informant known as I-570. I-570 advised affiant that heroin was being stored and sold at the above named address and that I-570 could purchase heroin from the above named address. I-570 was searched by affiant and found to have no United States currency or heroin on I-570's person. I-570 was given a sum of United States Currency by affiant with the instructions to go to the above named address and purchase heroin for the affiant. While under the direct surveillance of the affiant I-570 was observed to enter the above named address. A short time later I-570 was observed to exit the above named address and met affiant at a predetermined location. At this time I-570 turned over to affiant a silver foil packet containing a brown powder substance which the I-570 purchased with the understanding that the substance was heroin. I-570 was again searched by affiant and found to have no United States Currency or heroin on I-570's person.

"A short time later a field test was conducted on the brown powder substance by affiant and a positive reaction for heroin was present.

"The information from the informant is reliable because I-570 has given affiant and other members of the Saginaw Police Vice Section information on narcotics and non-narcotics operations in the City of Saginaw in the past. I-570 has made at least three controlled purchases of narcotics for affiant and all information and purchases have been reliable and true.

"The informant states that heroin is being stored and sold at 3006 Douglas Street, Saginaw, Michigan."

defendants over for trial on a charge of possession of heroin with intent to deliver. *People v Wirth,* 87 Mich App 41, 47; 273 NW2d 104 (1978). *People v Tolbert,* 77 Mich App 162, 165; 258 NW2d 176 (1977).

Likewise unsubstantial is the claim that the trial court should have *sua sponte* ordered separate trials of the two defendants. There has been no showing that the defenses presented by Ferguson and Pratt[6] were in fact antagonistic, nor has there been an affirmative showing of prejudice to substantial rights of either defendant. Thus, a severance was not required. *People v Miller,* 88 Mich App 210, 222; 276 NW2d 558 (1979), and the cases cited therein.

Nor do we find reversible error in the trial court's refusal to instruct on the lesser-included offense of use of heroin, MCL 335.341(5)(a); MSA 18.1070(41)(5)(a). Since the offense of use carries a maximum punishment of imprisonment for not more than one year, and the charged offense of possession with intent to deliver is punishable by incarceration for more than two years, the instruction on use could not be given under the rule expounded in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), even though the trial court had agreed to do so prior to closing arguments of counsel.

Following argument by counsel and before the jury was instructed, the prosecution brought the *Chamblis* rule to the court's attention. Defense counsel had already argued to the jury that the defendants were mere users, and that this was a

---

[6] Ferguson's defense was that no drugs were shown to have been found on his person, and that he was only a user. Pratt's defense was that there was not a sufficient amount of heroin to infer intent to deliver, and that he was a user only. These defenses are only different, not antagonistic.

lesser offense upon which the judge would later instruct. Upon being advised of the *Chamblis* proscription, the trial judge informed counsel that he would not instruct on use. In response to defense counsel's protestations, the court opined that omitting the requested instruction could only inure to defendants' benefit, since, if the jury concluded that defendants were mere users, they could not be convicted of any offense. We find that the trial judge's actions did not operate to deny defendants a fair trial and due process of law. But see the plurality opinion in *People v Patskan,* 387 Mich 701, 710; 199 NW2d 458 (1972).

Additionally, had the trial judge not followed *Chamblis,* he would have committed reversible error by instructing on use of heroin. *People v Chamblis, supra,* 429, *People v Choate,* 88 Mich App 40, 48; 276 NW2d 862 (1979).

Defendants failed to object to the introduction of narcotics paraphernalia at trial; therefore, appellate review regarding alleged error is precluded absent manifest injustice. *People v Alexander,* 72 Mich App 91, 99; 249 NW2d 307 (1976). We find no manifest injustice here. The evidence was consonant with defendants' defense that they were merely users of heroin, and thus the failure to object can reasonably be attributed to trial strategy. For the same reason, the admission of the evidence did not deny defendants a fair trial.

As both defendants admitted to being users of heroin, the brief questioning by the prosecution regarding defendant Ferguson's employment on the date of the offense was at least arguably relevant to material matters at issue. *Cf., People v John Moore,* 78 Mich App 150, 156; 259 NW2d 403 (1977), *People v Thomas Jones,* 73 Mich App 107, 110; 251 NW2d 264 (1976). In addition, no objec-

tion was raised at trial, and under the circumstances manifest injustice is not presented. *People v John Moore, supra,* 156. Therefore we decline to find reversible error.

Defendants failed to move for the endorsement and production of two individuals present in the apartment at the time they were arrested until after the prosecution rested its case. By failing to make a timely motion for the endorsement and production of the missing witnesses, even though aware of their identity well prior to trial, defendants waived any right they may have had to the witnesses' presence at trial. *People v Harrison,* 75 Mich App 556, 558-559; 255 NW2d 682 (1977), *People v Parsons,* 59 Mich App 79, 86-87; 228 NW2d 852 (1975).

Alternatively, we conclude that the evidence presented at trial indicates that the two missing witnesses were uncharged accomplices. Therefore, their endorsement and production by the prosecution was not required. *People v Threlkeld,* 47 Mich App 691, 694-696; 209 NW2d 852 (1973), *People v John Moore, supra,* 154.

Defendants' claim that the jury verdict was against the great weight of the evidence is not properly before this Court, as defendants failed to move for a new trial on that ground in the court below. *People v Turner,* 62 Mich App 467, 470; 233 NW2d 617 (1975).

Next, defendants cite a number of instances of alleged prosecutorial misconduct which, they argue, denied them a fair trial.

First, defendants contend that it was error for them to be tried by a jury with no blacks on it. They charge the prosecution with a design to exclude all blacks from the jury. A review of the record fails to substantiate defendants' claim of

purposeful discrimination. As they have failed to prove their allegation, we decline to reverse on this ground. *People v Sanders,* 58 Mich App 512, 515-516; 228 NW2d 439 (1975).

Any prejudice which may have occurred when the prosecutor accused defense counsel of unethical conduct for failing to properly authenticate a photograph shown to a prosecution witness was alleviated by the court's curative instruction.

Further, we find the error, if any, occasioned by the prosecutor's gesticulations in closing argument emphasizing the absence of codefendant Johnson from trial[7] to be harmless beyond a reasonable doubt, under the two-tiered test found in *People v Christensen,* 64 Mich App 23, 32-33; 235 NW2d 50 (1975).

Defendant Ferguson argues that reversible error occurred when the prosecutor asked him on cross-examination whether he had ever purchased heroin from Eugene Johnson, a codefendant. Defendant complains that this was an impermissible offering of evidence of other unrelated prior bad acts without foundation or proof. We reject this contention. Ferguson denied ever having purchased heroin from Johnson, and the prosecutor then ceased questioning on the subject. We find that the mere asking of such a question does not constitute the offering of "evidence" of prior bad acts which would constitute prejudicial error if improperly admitted. It is more in the nature of an attempt to elicit an admission of guilt from defendant while he is on the stand. See generally, *People v Wilkins,* 82 Mich App 260, 265-271; 266 NW2d 781 (1978).

---

[7] Codefendant Johnson absconded after the first day of trial. During closing argument, the prosecutor walked from the podium, and looked under the table where his attorney was seated, but said nothing about Johnson's absence.

Finally, defendants argue that their motion for a directed verdict of acquittal on the charge of possession of heroin with intent to deliver was improperly denied, as there was not sufficient evidence of intent to deliver presented to justify submission of the question of defendants' guilt or innocence on the charge to the jury. We disagree with defendants.

It is proper to deny a motion for a directed verdict of acquittal if, viewing the evidence presented by the prosecution, there is sufficient evidence on each element of the charge upon which the jury could base a verdict of guilty beyond a reasonable doubt. *People v Royal,* 62 Mich App 756, 757-758; 233 NW2d 860 (1975), *People v Scott,* 72 Mich App 16, 19; 248 NW2d 693 (1976), *inter alia.* This rule applies where the evidence of guilt is circumstantial. *People v Edgar,* 75 Mich App 467, 474; 255 NW2d 648 (1977).

When the police entered the apartment, they found the three defendants in the bathroom. Ferguson and Pratt were standing next to the toilet. Pratt had a vial of heroin in his hand which Ferguson shoved, causing heroin to spill onto the floor and into the commode. Johnson, standing nearby, threw a large quantity of money on the floor. A large quantity of heroin was recovered from the bathroom floor, the commode, and the kitchen floor. Packets of heroin were taken from the person of defendant Pratt, and residue was found on narcotics paraphernalia in the possession of the defendants. Also recovered were the various paraphernalia including spoons, caps, a plate, glassine containers, and small vials. A total of 10.3 grams of heroin possessing a purity of from 5% to 11% was retrieved. Both defendants admitted to being heroin users.

Defendants clearly were in possession of the heroin. *People v Maliskey,* 77 Mich App 444, 453; 258 NW2d 512 (1977), *cf., People v Ridgeway,* 74 Mich App 306, 316; 253 NW2d 743 (1977). Both possession and intent to deliver may be proved by circumstantial evidence and reasonable inferences drawn therefrom. *People v Tolbert, supra,* 165. Intent to deliver may be inferred from the amount of controlled substance possessed by an accused. *People v Abrego,* 72 Mich App 176, 181; 249 NW2d 345 (1976). In this case, the amount possessed was five times the amount found sufficient to allow the drawing of an inference of intent to deliver in *Abrego.* We conclude that both the circumstantial and direct evidence in this case and reasonable inferences taken therefrom are sufficient to allow the drawing of an inference of intent to deliver.

Finding no error requiring reversal, we hereby affirm.

Affirmed.