WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 58655. Submitted April 7, 1982, at Detroit.—Decided July 1, 1982.

The Wayne County Prosecuting Attorney recommended the issuance of a warrant charging Alvin Toussant Payton with possession of marijuana with intent to deliver. Such request followed Payton's arrest when he was found in the possession of almost four ounces of marijuana. The marijuana was packaged in 5 clear plastic bags, 37 coin envelopes, and 50 marijuana cigarettes. The arraigning magistrate in the Recorder's Court of Detroit, Justin C. Ravitz, J., refused to infer intent to deliver from the quantity and packaging of the marijuana involved. Therefore, the magistrate refused to issue the warrant recommended by the prosecutor and instead indicated that he would sign an arrest warrant for the charge of possession of marijuana only. The prosecutor then brought a complaint for superintending control in the Wayne Circuit Court. The Wayne Circuit Court, Richard D. Dunn, J., denied the complaint. The prosecutor appeals from the order denying his request for an order of superintending control alleging that the magistrate committed error by refusing to issue a warrant for possession with intent to deliver. *Held:*

1. The arraigning magistrate committed error by refusing to issue a warrant for possession with intent to deliver.

2. An intent to deliver can be inferred from the quantity of narcotics, the way they are packaged, or the paraphernalia found with the narcotics.

3. One may reasonably infer the intent to deliver from Mr.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 358, 408, 421.

[2] 25 Am Jur 2d, Drugs, Narcotics, anfd Poisons §§ 21, 37, 41, 47.

Prosecution based upon alleged illegal possession of instruments to be used in violation of narcotics laws. 92 ALR3d 47.

Validity and construction of statute creating presumption or inference of intent to sell from possession of specified quantity of illegal drugs. 60 ALR3d 1128.

What constitutes "possession" of a narcotic drug proscribed by § 2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.

[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 41, 47.

Payton's possession of almost four ounces of marijuana. One may reasonably conclude that the marijuana was packaged to sell rather than to keep for personal use.

4. Sufficient evidence was presented to the arraigning magistrate from which a rational trier of fact could draw the requisite inference of an intent to deliver.

Reversed and remanded.

1. CRIMINAL LAW — COMPLAINT — WARRANTS.

The primary function of a complaint is to move the magistrate to determine whether a warrant shall issue; it must first appear that an offense has been committed before it becomes the duty of the magistrate to issue a warrant (MCL 766.3; MSA 28.921).

2. DRUGS AND NARCOTICS — INTENT TO DELIVER.

Intent to deliver a controlled substance can be inferred from the quantity of narcotics, the way they are packaged, or the paraphernalia found with the narcotics.

3. DRUGS AND NARCOTICS — INTENT TO DELIVER — INFERENCES.

The question of a defendant's intent to deliver a controlled substance is to be resolved by the trier of fact where sufficient evidence is presented to an arraigning magistrate from which a rational trier of fact could draw the requisite inference of an intent to deliver; the arraigning magistrate should not weigh the evidence or pass on the credibility of the witnesses, but should only determine whether there is any evidence supporting the charge and it is then for the jury to pass upon the charge made against the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper* (by *Alexis Beck),* for Recorder's Court Judge.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. The Wayne County Prosecuting Attorney appeals from an order of the Wayne County Circuit Court denying the prosecutor's request for an order of superintending control to compel an arraigning magistrate to issue a warrant for Alvin Toussant Payton's arrest on a charge of possession of marijuana with intent to deliver, contrary to MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c).

Alvin Toussant Payton was arrested on September 29, 1980, by Detroit police officers who had received a radio run directing them to investigate a man in a small, black, foreign car suspected of selling narcotics. Upon approaching the vehicle, the officers observed, on the floor, a black pouch and a clear plastic bag containing what they suspected to be marijuana. The pouch was analyzed and found to contain 45.4 grams of marijuana, in addition to 50 marijuana cigarettes weighing 9.47 grams, and 37 coin envelopes containing a total of 65.3 grams of that substance. The total marijuana involved was 120.17 grams.

The prosecuting attorney recommended a warrant charging possession with intent to deliver. The arraigning magistrate, refusing to infer intent to deliver from the quantity and packaging of the marijuana involved, refused to issue such a warrant. He stated, instead, that he would sign an arrest warrant for the charge of possession of marijuana only.

The prosecuting attorney then sought the order of superintending control which is the subject of this appeal.

One issue is involved in this appeal: did the arraigning magistrate commit error by refusing to issue a warrant for possession with intent to deliver? This Court answers that question in the

affirmative. We reverse the decision of the Wayne County Circuit Court denying the prosecuting attorney's request for an order of superintending control, and remand for an order compelling the arraigning magistrate to issue an arrest warrant for Alvin Toussant Payton's arrest on a charge of possession of marijuana with intent to deliver.

The primary function of a complaint is to move the magistrate to determine whether a warrant shall issue. *People v Hutchinson,* 35 Mich App 128; 192 NW2d 395 (1971). The arraigning magistrate determines whether an arrest warrant shall issue on the charge or charges listed in the complaint, as provided in MCL 766.3; MSA 28.921. The statute provides that it must first appear that an offense has been committed before it becomes the duty of the magistrate to issue a warrant. Therefore, the issue herein revolves around whether the offense of possession with intent to deliver was committed.

It has frequently been held in Michigan that one can infer the intent to deliver from the quantity of narcotics, the way they are packaged, or the paraphernalia found with the narcotics. *People v Ferguson,* 94 Mich App 137; 288 NW2d 587 (1979); *People v Kirchoff,* 74 Mich App 641; 254 NW2d 793 (1977); *People v Abrego,* 72 Mich App 176; 249 NW2d 345 (1976); *People v Mumford,* 60 Mich App 279; 230 NW2d 395 (1975). Courts have thus inferred intent from the possession of three pounds of marijuana wrapped in 39 baggies, *People v Kirchoff, supra;* 153 ounces of marijuana and 184 phencyclidine pills, *People v Johnson,* 83 Mich App 1; 268 NW2d 259 (1978); 43 pounds of marijuana, *People v Delongchamps,* 103 Mich App 151; 302 NW2d 626 (1981); 2.1 grams of heroin, *People*

*v Abrego, supra;* 7.83 grams of heroin plus packaging paraphernalia, *People v Mumford, supra;* and 10.3 grams of heroin, *People v Ferguson, supra.*

In *People v Serra,* 55 Mich App 514; 223 NW2d 28 (1974), the Court, on constitutional grounds, struck down a statute which provided that possession of more than two ounces of marijuana created a presumption of possession with intent to deliver. The Court reasoned that possession of large amounts of a controlled substance will give rise, without the artificial boost of a presumption, to an inference that the person intended delivery. Thus, in the instant case, one may reasonably infer the intent to deliver from the possession of almost four ounces of marijuana. This conclusion is buttressed by the fact that the marijuana was packaged in 5 clear plastic bags, 37 coin envelopes, and 50 marijuana cigarettes, which one may reasonably conclude is packaging to sell rather than to keep for personal use.

Sufficient evidence was presented to the arraigning magistrate from which a rational trier of fact could draw the requisite inference of an intent to deliver. This question of intent can only be resolved by the trier of fact. The arraigning magistrate should not weigh the evidence or pass on the credibility of the witnesses, but only determine whether there is any evidence supporting the charge. It is then for the jury to pass upon the charge made against the defendant. *People v Weiden,* 239 Mich 169; 214 NW 120 (1927); *People v Tait,* 99 Mich App 19; 297 NW2d 853 (1980); *People v Oster,* 67 Mich App 490; 241 NW2d 260 (1976).

Reversed and remanded for the appropriate proceedings.