PEOPLE v CATANIA (ON REMAND)

Docket No. 98516. Submitted February 17, 1987, at Lansing. Decided April 6, 1987. Leave to appeal applied for.

Donald Catania was convicted by a jury in the Berrien Circuit Court, Chester J. Byrns, J., of possession with intent to deliver cocaine and possession with intent to deliver marijuana as a second-felony offender. Defendant appealed and the Court of Appeals reversed, 140 Mich App 755 (1985). The people appealed and the Supreme Court reversed and remanded to the Court of Appeals for consideration of the remaining issues, 427 Mich 447 (1986).

On remand, the Court of Appeals *held:*

1. The trial court did not err in holding the first search warrant to have been valid.

2. The trial court did not err in finding the items seized pursuant to the invalid second warrant to have been admissible under the plain view doctrine. The police were justified in searching defendant's closets and drawers under the authority of the first search warrant and thus had prior justification for intrusion into the otherwise protected area when they observed the items.

3. The trial court did not abuse its discretion in denying defendant's motion to suppress statements he voluntarily made to police after he had been advised of his *Miranda* rights and after he indicated he did not understand his rights.

4. The court did not err in denying defendant's motion for a directed verdict.

Affirmed.

1. SEARCHES AND SEIZURES — PLAIN VIEW DOCTRINE.

Police officers may seize evidence or contraband they observe

REFERENCES

Am Jur 2d, Criminal Law § 129.

Am Jur 2d, Evidence § 204.

Am Jur 2d, Searches and Seizures §§ 23, 88.

Officer's ruse to gain entry as affecting admissibility of plain-view evidence—modern cases. 47 ALR4th 425.

See also the annotations in the Index to Annotations under Plain View Doctrine.

following a justifiable intrusion into an area in which a person
has a reasonable expectation of privacy if the conditions of the
plain view doctrine are met; the plain view doctrine requires:
(1) prior justification for intrusion into the otherwise protected
area; (2) the evidence is obviously incriminatory or contraband;
and (3) the discovery of the evidence is inadvertent.

2. CONTROLLED SUBSTANCES — INTENT TO DELIVER — INFERENCES.
   Intent to deliver a controlled substance may be inferred from the
   amount of the controlled substance possessed by an accused.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian Berger* and *John T. Burhans,* Assistant Prosecuting Attorneys, for the people.

*Law Offices of Michael C. Dorstewitz* (by *Michael C. Dorstewitz*), for defendant on appeal.

ON REMAND

Before: DANHOF, C.J., and J. H. GILLIS and M. J. KELLY, JJ.

PER CURIAM. The facts in this case are set forth at 140 Mich App 755; 366 NW2d 38 (1985) and at 427 Mich 447; 398 NW2d 343 (1986). We originally reversed the defendant's convictions of possession with intent to deliver cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), and possession with intent to deliver marijuana, MCL 333.7401(1) and (2)(c); MSA 14.15(7401)(1) and (2)(c). A majority thought that the warrantless ruse entry by a confidential police informant into defendant's home violated defendant's reasonable expectation of privacy and we therefore suppressed the fruits of the warrantless search. The Supreme Court, agreeing with Judge GILLIS' dissent, found that the warrantless ruse entry did not violate either the Fourth Amendment of the United

States Constitution or Michigan Const 1963, art 1, § 11 for reasons which need no repeating here. The Court then remanded the cause to this Court for "consideration of the remaining issues". The remaining issues are four and our examination of them finds no error requiring reversal.

I

Did the trial court err in finding the first search warrant valid?

The magistrate in this case issued the search warrant based upon a document entitled "Affidavit and complaint for the search warrant," signed by Daniel P. Peppel as "affiant." There are two pages to this document, only the first of which is signed. However, included on the first page are two sections in which Peppel directs the reader to an "attached affidavit," in obvious reference to the second page. We conclude that, if the document is viewed as a whole and read in its entirety, the term "affiant" as used on both pages refers to the same individual whose signature has, in fact, been provided. Moreover, we conclude that the affidavit in question adequately establishes informant credibility and reliability of information. See *People v Sherbine,* 421 Mich 502; 364 NW2d 658 (1984). The trial court thus did not err in concluding that the first search warrant was valid.

II

Did the trial court err in finding items seized pursuant to the authority of the invalid second warrant admissible under the plain view doctrine?

Although the affidavit and complaint for the second search warrant are sufficiently detailed, the search warrant itself is blank. The trial court

determined that the second search warrant was invalid but nevertheless held that the items seized under authority of the second warrant were admissible pursuant to the plain view doctrine. We agree. The police were justified in searching defendant's closets and drawers under the authority of the first search warrant and thus had "prior justification for intrusion into the otherwise protected area" when they observed the items listed on the second warrant. *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971); *People v Blackburne,* 150 Mich App 156, 165; 387 NW2d 850 (1986), lv den 425 Mich 869 (1986).

### III

Did the trial court abuse its discretion in denying the motion to suppress statements made by defendant after he stated he did not understand his *Miranda*[1] rights?

Detective William Tucker testified that, after he discovered a tray which contained a substance believed to be marijuana, he read defendant his *Miranda* rights from a card. Defendant said he did not understand his rights and Tucker told him the best thing he could do was not to say anything because anything he said could be used against him. Thereafter the officer asked him no more questions. Defendant then subsequently volunteered that he had some marijuana or grass in his bedroom. The trial court did not err in refusing to suppress defendant's voluntary statements.

### IV

Did the trial court err in denying defendant's motion for a directed verdict?

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Defendant's possession of the controlled substances was clearly established at trial and an intent to deliver may be inferred from the amount of controlled substance possessed. The court did not err in denying defendant's motion for a directed verdict on this basis. See *People v Ferguson,* 94 Mich App 137, 151; 288 NW2d 587 (1979), and *Wayne Co Prosecutor v Recorder's Court Judge,* 119 Mich App 159, 162-163; 326 NW2d 825 (1982).

Affirmed.