PEOPLE v RAY

Docket No. 122877. Submitted May 7, 1991, at Lansing. Decided
    August 12, 1991; approved for publication November 14, 1991,
    at 9:05 A.M.

Sherman O. Ray was convicted by a jury in the Saginaw Circuit
    Court, Fred J. Borchard, J., of possession with intent to deliver
    less than fifty grams of cocaine and was sentenced to three to
    twenty years in prison. He appealed.

The Court of Appeals held:

1. The trial court properly found that a police officer was an
expert witness on the basis of his training and experience with
observing drug use and drug trafficking. The court did not
abuse its discretion in permitting the officer's expert testimony
because the officer had information that was not within the
knowledge of a layman and his testimony aided the jury in
determining the defendant's intent and, thus, his guilt. The fact
that the testimony embraced the ultimate issue of intent to
deliver did not render the evidence inadmissible.

2. There was sufficient circumstantial evidence for the jury to
infer that the defendant had the intent to deliver cocaine.
Intent to deliver may be proven by circumstantial evidence and
also may be inferred from the amount of controlled substance
possessed by the defendant.

3. Appellate review of alleged erroneous prosecutorial com-
ments is foreclosed because the defendant failed to object to the
comments at trial and the failure to review the issue will not
result in a miscarriage of justice.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Michael D. Thomas,*
Prosecuting Attorney, and *Kay F. Pearson,* Chief
Appellate Attorney, for the people.

*Douglas R. Mullkoff,* for the defendant on ap-
peal.

Before: Shepherd, P.J., and Wahls and R. B. Burns,* JJ.

Per Curiam. On August 4, 1989, defendant was convicted of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and was thereafter sentenced to three to twenty years in prison. He now appeals his conviction as of right. We affirm.

We will first address defendant's contention that the trial court erred in qualifying Officer Rosenstangel as an expert witness and in permitting him to testify regarding the significance of the quantity and division of the drugs allegedly found on defendant as they related to the issue of intent to deliver.

The determination regarding the qualification of an expert and the admissibility of expert testimony is within the trial court's discretion and will not be reversed on appeal absent an abuse of that discretion. *People v Beckley,* 434 Mich 691, 711; 456 NW2d 391 (1990). Under MRE 702, which governs the admissibility of expert testimony, the witness must be an expert, there must be facts in evidence that require or are subject to examination and analysis by a competent expert, and there must be knowledge in a particular area that belongs more to an expert than an ordinary person. *Id.* The critical inquiry, however, is whether such testimony will aid the factfinder in making the ultimate decision in the case. *People v Smith,* 425 Mich 98, 105; 387 NW2d 814 (1986). Furthermore, expert opinion testimony will not be excluded simply because it embraces an ultimate issue to be decided by the trier of fact. *Id.,* p 106.

In the present matter, Officer Rosenstangel was

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

properly qualified as an expert on the basis of his training and experience with observing drug use and drug trafficking. The trial court did not abuse its discretion in permitting his expert testimony. Rosenstangel testified that the quantity of crack cocaine found in defendant's possession, the fact that the rocks of crack cocaine were evenly cut, and the selling price of crack cocaine on the street clearly indicated that defendant intended to sell the drugs and not simply use the crack cocaine for personal consumption. Such information was not within the knowledge of a layman, and Rosenstangel's testimony would have aided the jury in determining defendant's intent and, thus, his guilt of the charged offense. The fact that the testimony did embrace the ultimate issue of intent to deliver did not render the evidence inadmissible. *Smith, supra.*

Defendant next contends that there was insufficient evidence presented of intent to deliver and therefore his conviction should be reversed. We disagree. While there was no direct evidence regarding the issue, intent to deliver may be proven by circumstantial evidence and also may be inferred from the amount of controlled substance possessed. *People v Catania (On Remand),* 159 Mich App 57, 61; 406 NW2d 473 (1987). There was evidence in this matter that defendant possessed six rocks of crack cocaine that were evenly cut and that defendant dropped upon observing a police officer preparing to approach him. Officer Rosenstangel's testimony was that he had never seen someone who merely uses narcotics possess more than one or two rocks of crack cocaine at one time, that even street dealers do not have more than five or six rocks in their possession at any given time, and that the amount of cocaine found on defendant and its street value indicated that de-

fendant intended to sell it. This evidence was sufficient for a jury to infer that defendant had an intent to deliver.

Defendant's final argument is that the prosecutor impermissibly shifted the burden of proof to defendant during closing argument by stating that certain prosecutorial evidence was uncontradicted. Defendant's failure to object to the comments at trial, however, precludes appellate review of the issue unless the prejudicial effect of the remarks was so great that it could not have been cured by an appropriate instruction and failure to consider the issue would result in a miscarriage of justice. *People v Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989). Because we find that the prosecutor's remarks did not impermissibly suggest that defendant must prove something or provide an explanation for damaging evidence, we must conclude that our failure to further review this issue would not result in a miscarriage of justice.

Affirmed.