White, P.J.
(conciWTmi/). Officer Gary Kirtley’s testimony that male crack cocaine dealers in Kalamazoo frequently establish relationships with women who have apartments, move in with the women to sell drugs, and threaten the women to prevent them from talking about or interfering with the drug dealing was improper profile testimony. This testimony did not explain the significance of the seized contraband or other items of personal property, People v Ray, 191 Mich App 706; 479 NW2d 1 (1991), did not explain evidence presented,[1] and was not properly admitted to assist the trier of fact in determining a fact in *67 issue. People v Williams (After Remand), 198 Mich App 537; 499 NW2d 404 (1993).
I agree, however, that there was strong circumstantial evidence of defendant’s guilt separate and apart from the improper profile testimony, and that the trial court’s admission of the improper profile testimony was harmless error.
Also, because defendant does not challenge on appeal the admission of Officer Kirtley’s testimony regarding papers with tabulations found in the living room, I would not address the admissibility of the evidence.

 While there was evidence that defendant resided at the apartment with two women and paid part of the rent, there was no evidence regarding how long defendant had resided there and how he came to reside there, or his relationship with the women, other than that one of the women was his girlfriend.