# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 5, 2015

Plaintiff-Appellee,

v

No. 318059
Oakland Circuit Court
LC No. 2013-245466-FH

MARIO DURREL DAVIS,

Defendant-Appellant.

Before: MURRAY, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals his jury-trial convictions of multiple criminal offenses. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The police discovered defendant sleeping in his car, which was in the roadway and stopped at a red light. The vehicle was in gear and defendant's foot was on the brake. From outside the car, an officer could see a liquid-filled cup in the center console and an empty liquor bottle on the front passenger seat. When the police removed defendant from the car, they smelled both alcohol and an odor of marijuana emanating from inside.

The police searched defendant and his car, and they found marijuana on defendant's person and a gun in the car's glove compartment. They placed defendant under arrest and took him to the police station. While at the station, defendant attempted to eat a small bag of cocaine and struggled with police officers when they tried to stop him from doing so. The police also found a small packet of heroin on defendant's person during a more thorough search at the police station.

The prosecutor charged defendant with the following crimes: (1) possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*); (2) possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*); (3) felon in possession of a firearm, MCL 750.224f; (4) three counts of possession of a firearm during the commission of a felony, MCL 750.227b; (5) two counts of resisting or obstructing a police officer, MCL 750.81d; (6) possession of marijuana (second offense), MCL 333.7403(2)(d) and MCL 333.7413(2); (7) and driving with an unlawful blood alcohol level, MCL 257.625(1)(c).

-1-

At trial, defendant denied that he intended to deliver the cocaine, and asserted that he did not know of the gun's location in the car. The jury clearly did not believe defendant's protestations, and convicted him of all charges. On appeal, he argues that: (1) the trial court erred when it did not suppress evidence of the gun as the product of an unconstitutional search; (2) the prosecution presented insufficient evidence to sustain his convictions for the firearm-related offenses and violation of MCL 333.7401(2)(a)(*iv*); (3) the prosecution committed misconduct; (4) his trial attorney gave him ineffective assistance of counsel; and (5) the trial court lacked personal and subject matter jurisdiction.

## II. ANALYSIS

### A. MOTION TO SUPPRESS[1]

"The Fourth Amendment of the United States Constitution and its counterpart in the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures." *People v Kazmierczak,* 461 Mich 411, 417; 605 NW2d 667 (2000). "A search or seizure is considered unreasonable when it is conducted pursuant to an invalid warrant or without a warrant where the police officer's conduct does not fall within one of the specific exceptions to the warrant requirement." *People v Hellstrom,* 264 Mich App 187, 192; 690 NW2d 293 (2004).

However, a search may be conducted without a warrant where there is "both probable cause and a circumstance establishing an exception to the warrant requirement." *People v Mayes (After Remand),* 202 Mich App 181, 184; 508 NW2d 161 (1993). The exceptions to the warrant requirement include: "(1) searches incident to a lawful arrest, (2) automobile searches, (3) plain view seizure, (4) consent, (5) stop and frisk, and (6) exigent circumstances." *In re Forfeiture of $176,598,* 443 Mich 261, 266; 505 NW2d 201 (1993).

A search incident to arrest "is justified by the fact that, when a person is taken into official custody, it is reasonable to search for weapons, instruments of escape, and evidence of crime." *People v Houstina,* 216 Mich App 70, 75; 549 NW2d 11 (1996). Both "the arrestee and the area within his immediate control" may be searched. *People v Eaton,* 241 Mich App 459, 463; 617 NW2d 363 (2000). A search incident to arrest of a person in a vehicle is permissible when (1) "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or (2) it is reasonable to believe that the vehicle contains evidence of the crime for which the person was arrested. *Arizona v Gant,* 556 US 332, 343, 351; 129 S Ct 1710; 173 L Ed 2d 485 (2009).

The automobile exception is a separate and distinct exception to the warrant requirement,[2] and is "premised on an automobile's ready mobility and pervasive regulation[.]"

---

[1] Though a trial court's factual findings at a suppression hearing are reviewed for clear error, its ultimate ruling on a motion to suppress is reviewed de novo. *People v Davis*, 250 Mich App 357, 362; 649 NW2d 94 (2002). The trial court did not hold an evidentiary hearing, but instead relied on the evidence presented at the preliminary examination by tacit agreement of the parties. See *People v Kaufman*, 457 Mich 266, 275-276; 577 NW2d 466 (1998).

*Kazmierczak,* 461 Mich at 418. It does not depend upon the arrest of the vehicle's occupant, and permits the police to search a vehicle if it "is readily mobile and probable cause exists to believe it contains contraband[.]" *Id.* "Probable cause exists when the facts and circumstances known to the police officers at the time of the search would lead a reasonably prudent person to believe that a crime has been or is being committed and that evidence will be found in a particular place." *People v Beuschlein,* 245 Mich App 744, 750; 630 NW2d 921 (2001). Specifically, "[p]robable cause can exist when the odor of marijuana is the only factor indicating the presence of contraband." *Kazmierczak,* 461 Mich at 424. When the police have such probable cause, they may search "every part of the vehicle and its contents that may conceal the object of the search." *United States v Ross,* 456 US 798, 825; 102 S Ct 2157; 72 L Ed 2d 572 (1982).[3]

Here, defendant wrongly claims that the trial court erred when it denied his motion to suppress the gun, which the police discovered in the glove compartment.[4] An officer on the scene testified at the preliminary examination that when defendant opened the car door, he smelled "a strong odor of intoxicants and marijuana" emanating from the car. As noted, "[p]robable cause can exist when the odor of marijuana is the only factor indicating the presence of contraband." *Kazmierczak,* 461 Mich at 424. Accordingly, the police were entitled to search the glove compartment, which might have concealed marijuana. Their search of the glove compartment, and discovery of defendant's gun, was thus constitutional, and the trial court properly denied defendant's motion to suppress.

## B. SUFFICIENCY OF THE EVIDENCE

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Cline,* 276 Mich App 634, 642; 741 NW2d 563 (2007). When we review the sufficiency of the evidence in a criminal case, we examine the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hoffman,* 225 Mich App 103, 111; 570 NW2d 146 (1997). Circumstantial evidence and reasonable inferences drawn therefrom are sufficient to prove the elements of a crime. *People v Nowack,* 462 Mich 392, 400; 614 NW2d 78 (2000). The trier of fact determines what inferences may be fairly drawn from the evidence and the weight those inferences are accorded. *People v Hardiman,* 466 Mich 417, 428; 646 NW2d 158 (2002). All conflicts in the evidence are to be resolved in favor of the prosecution. *People v Terry,* 224 Mich App 447, 452; 569 NW2d 641 (1997).

---

[2] *In re Forfeiture of $176,598,* 443 Mich at 266.

[3] *Gant* acknowledged that the automobile exception is another "established exception[ ] to the warrant requirement," and specifically noted that "*Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." *Gant,* 556 US at 346-347. Defendant's argument—that the limits on a search of a vehicle *incident to arrest* apply equally to a search of a vehicle under the automobile exception—thus has no merit whatsoever.

[4] The parties do not dispute that defendant had a reasonable expectation of privacy in the car or that the initial "stop" was valid.

Here, defendant challenges the sufficiency of the evidence as it relates to his convictions for: (1) the firearm-related crimes; and (2) possession with intent to deliver cocaine.

## 1. FIREARM-RELATED CRIMES

Felon in possession of a firearm and felony-firearm both require proof that defendant possessed a "firearm." *People v Peals,* 476 Mich 636, 640; 720 NW2d 196 (2006).[5] Defendant need not own the weapon to have possession of it. *People v Burgenmeyer,* 461 Mich 431, 438; 606 NW2d 645 (2000). Possession of a weapon may be actual or constructive and may be proved by circumstantial evidence. *People v Hill,* 433 Mich 464, 469-470; 446 NW2d 140 (1989). "[A] person has constructive possession if there is proximity to the [firearm] together with indicia of control." *Id.* at 470. Thus, "a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id.* at 470-471.

Here, the gun at issue was located in the locked glove compartment of the car, and the glove compartment could be unlocked by the same key that operated the car's ignition. Defendant had control of both the key and the car, was the sole occupant in the vehicle, and had other personal items inside it. A police officer testified that the glove compartment was within reach of the driver's seat. The glove compartment also contained paperwork belonging to defendant, which indicates that defendant had access to the compartment—and the gun (and loose ammunition for the weapon) contained within.[6] Accordingly, the prosecution presented more than sufficient evidence to establish that defendant possessed a firearm.[7]

## 2. POSSESSION WITH INTENT TO DELIVER COCAINE

To violate MCL 333.7401(2)(a)(*iv*), a person must knowingly possess cocaine with the intent to deliver it. *People v Gonzalez,* 256 Mich App 212, 225-226; 663 NW2d 499 (2003), disapproved in part on other grounds 469 Mich 967 (2003). The defendant's intent "may be inferred from all of the facts and circumstances" and "minimal circumstantial evidence is sufficient." *People v Fetterley,* 229 Mich App 511, 517-518; 583 NW2d 199 (1998). Among other things, intent to deliver may be inferred from the quantity of drugs the defendant has, the

---

[5] The parties do not dispute that a revolver constitutes a "firearm" per MCL 750.222(d).

[6] The police found additional ammunition in a bag protruding from beneath the driver's seat.

[7] Defendant's argument that he did not possess a gun is premised on an inapposite (and non-binding) federal case, *Parker v Renico,* 450 F Supp 2d 727 (ED Mich, 2006). In *Parker,* the petitioner was one of four men in a car. Two guns were found in the car, one on the floor by the front passenger seat and one on the backseat on the passenger's side. *Parker v Renico,* 506 F3d 444, 446 (CA 6, 2007). There was nothing to link petitioner to the second gun apart from the fact that he and the gun were both in the backseat. *Id.* at 447. In this case, by contrast, defendant was the only person in the car, he had the key that operated both the car and opened the glove compartment, and paperwork belonging to defendant was found in the glove compartment along with the gun.

way in which the drugs are packaged, "and from other circumstances surrounding the arrest,"[8] such as possession of a large amount of money,[9] and the absence of "pipes or other paraphernalia typically used to smoke cocaine . . . ." *Wolfe,* 440 Mich at 525.

Here, defendant possessed[10] less than three grams of cocaine in a single package. Other factors indicated that defendant intended to deliver the cocaine, including his possession of: (1) many small Ziploc bags (which might have been used to package drugs for sale); (2) $1,800 in cash (which could have been the proceeds of drug sales); and (3) guns and ammunition (which might have been used to protect a drug-selling operation). Defendant also had three different drugs in his possession, and a police expert in narcotics trafficking testified that it would be unusual for a drug abuser to possess all three for his own use.[11] Moreover, defendant explicitly stated at the police station that he both uses drugs and supplies them to others.

The prosecution accordingly presented sufficient evidence to enable the jury to find beyond a reasonable doubt that defendant intended to deliver the cocaine found in his possession.[12]

---

[8] *People v Wolfe,* 440 Mich 508, 524; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

[9] *Fetterley,* 229 Mich App at 518.

[10] There is no dispute that defendant possessed the cocaine, which was found on his person.

[11] Defendant unconvincingly, and wrongly, makes the unpreserved assertion that the police expert's testimony on the above evidence was "improper" "drug profile evidence." The police expert testified as to *general information* about the drug trade, specifically the significance of the items found (or not found) on defendant's person: guns are often used in the drug trade, drugs have a significant street value and dealers may accumulate large amounts of cash as they sell their supply, and tiny Ziploc bags are often used to package drugs for sale. The police expert did not testify that because defendant had these items in his possession he was ipso facto a drug dealer. His opinion on the ultimate issue to be decided was thus admissible, and there was no plain error. *People v Ray,* 191 Mich App 706, 708; 479 NW2d 1 (1991); *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

Nor was the trial court required to give a limiting instruction on the police officer's testimony. *People v Rice (On Remand),* 235 Mich App 429, 444; 597 NW2d 843 (1999). There is no indication that defendant requested a limiting instruction. And not only did he fail to object to the absence of a limiting instruction, his attorney pronounced himself satisfied with the instructions given. Therefore, defendant waived any claim of instructional error. *People v Kowalski,* 489 Mich 488, 503; 803 NW2d 200 (2011).

[12] Defendant makes an unsupported (and unpreserved) claim that the prosecutor, at the preliminary examination, knowingly presented false testimony on the weight of the cocaine defendant possessed. However, the preliminary examination took place four days before the completion of the lab report analyzing the cocaine and its weight, and the trial court and defendant were aware of the true weight of the cocaine at trial. Defendant fails to explain how this initial testimony on the weight of the cocaine at the preliminary examination prejudiced him

-5-

## C.  PROSECUTOR'S CONDUCT[13]

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial (i.e., whether prejudice resulted)."  *People v Abraham,* 256 Mich App 265, 272; 662 NW2d 836 (2003).  The reviewing court must examine the prosecutor's remarks in context on a case-by-case basis.  *Id.* at 272-273.  The propriety of a prosecutor's remarks depends on all the facts of the case.  *People v Rodriguez,* 251 Mich App 10, 30; 650 NW2d 96 (2002).  During closing argument, the prosecutor may argue the evidence and all reasonable inferences therefrom as it relates to his theory of the case.  *People v Bahoda,* 448 Mich 261, 282; 531 NW2d 659 (1995).  The prosecutor's closing argument should be considered in its entirety and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial.  *People v Hedelsky,* 162 Mich App 382, 386; 412 NW2d 746 (1987).

Here, defendant wrongly claims that the prosecutor argued facts not in evidence.  As part of his defense, defendant claimed that the large amount of money he possessed was the remainder of a $3,500 tax refund.  In her argument, the prosecutor implied that defendant would not have qualified for such a large refund—a reasonable inference from the evidence.  Her statement was thus not plain error and did not affect defendant's substantial rights.[14]

## D.  ASSISTANCE OF COUNSEL[15]

The Sixth Amendment grants the right to counsel in all criminal prosecutions.  US Const, Am VI; Const 1963, art 1, § 20.  "This right to counsel includes the right to effective assistance of counsel."  *Meissner,* 294 Mich App at 459.  Effective assistance of counsel is presumed and

at trial, nor does he provide any support for his claim that the prosecutor knowingly presented false evidence at the preliminary examination.  He accordingly has not shown that any error affected his substantial rights, and he is not entitled to relief.  *Carines,* 460 Mich at 764.

[13] Because defendant did not object to the prosecutor's argument at trial, this issue is unpreserved.  *People v Metamora Water Serv, Inc,* 276 Mich App 376, 382; 741 NW2d 61 (2007).  An unpreserved issue of prosecutorial misconduct is reviewed for plain error affecting substantial rights.  *Carines,* 460 Mich at 763-764.

[14] In any event, the trial court instructed the jury before closing arguments that the lawyers' arguments "are not to be considered by you as evidence in this case," rather, they are "intended to help you better understand the contentions of each side and the issues that you are to decide."  And in its final instructions, the court reiterated that the attorneys' "statements and arguments are not evidence" and "are only meant to help you understand the evidence and each side's legal theories," and that the jury "should only accept things the lawyers say that are supported by the evidence or by your own common sense and general knowledge."  These instructions were sufficient to dispel any perceived prejudice created by the prosecutor's reference to the tax refund.  *People v Meissner,* 294 Mich App 438, 457; 812 NW2d 37 (2011).

[15] Because defendant failed to raise an ineffective assistance of counsel issue in the trial court and our Court denied defendant's motions to remand, review of this issue is limited to errors apparent from the record.  *Rodriguez,* 251 Mich App at 38; *People v Snider,* 239 Mich App 393, 423; 608 NW2d 502 (2000).

the defendant bears a heavy burden of proving otherwise. *People v Eloby (After Remand),* 215 Mich App 472, 476; 547 NW2d 48 (1996).

To establish ineffective assistance of counsel, defendant must show that counsel's representation fell below an objective standard of reasonableness and that the representation so prejudiced defendant as to deprive him of a fair trial. *People v Pickens,* 446 Mich 298, 302-303; 521 NW2d 797 (1994). To establish prejudice, defendant must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Stanaway,* 446 Mich 643, 687-688; 521 NW2d 557 (1994). Defendant must also overcome a strong presumption that counsel's assistance constituted sound trial strategy. *People v Horn,* 279 Mich App 31, 37-38 n 2; 755 NW2d 212 (2008).

Here, defendant claims that his trial counsel offered him ineffective assistance because he: (1) did not request a continuance of the trial so that defendant's family members could testify; and (2) did not offer defendant's tax returns as evidence.[16]

## 1. CONTINUANCE REQUEST

The decision whether to seek a continuance is a matter of trial strategy. *People v Kvam,* 160 Mich App 189, 200; 408 NW2d 71 (1987). A criminal case may not be adjourned or continued or delayed except for good cause shown. MCL 768.2. "Decisions regarding what evidence to present and whether to call or question witnesses" are also matters of trial strategy. *People v Rockey,* 237 Mich App 74, 76; 601 NW2d 887 (1999). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id.* at 76-77.

The unavailability of a witness or evidence constitutes good cause for an adjournment "only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence." MCR 2.503(C)(2). "Ineffective assistance of counsel may be established by the failure to call witnesses only if the failure deprives defendant of a substantial

---

[16] In his Standard 4 brief, defendant makes a number of additional unconvincing, unsupported and factually inaccurate allegations that his counsel's performance was so deficient that he did not receive assistance of counsel. The record indicates that defendant's attorney was familiar with the issues involved in the trial, as demonstrated by the fact that he sought to suppress the evidence found in defendant's car, and presented evidence at trial to counter the charge of possession with intent to deliver and the firearm-related offenses. Defendant fails to identify any witnesses or other information that his lawyer should have discovered that would have benefited him at trial.

Defendant's other assertions—that his counsel provided him ineffective assistance by not questioning the trial court's jurisdiction, and not accusing the prosecutor of misconduct—are without merit, as detailed infra and supra, and "[d]efense counsel is not required to make a meritless motion or a futile objection." *People v Goodin,* 257 Mich App 425, 433; 668 NW2d 392 (2003).

defense." *People v Julian,* 171 Mich App 153, 159; 429 NW2d 615 (1988). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly,* 186 Mich App 524, 526; 465 NW2d 569 (1990).

Here, the record indicates that defendant wanted his grandmother and/or his mother to testify in his defense. Neither woman appeared at trial and counsel did not request a continuance until one or both could appear. Assuming the trial court would have granted an adjournment had the attorney asked, the lack of an adjournment did not cause defendant prejudice. The record provides no indication of what testimony the witness(es) would have offered or how that testimony might have benefited defendant's case,[17] which fatally undermines defendant's claim that his attorney's failure to ask for an adjournment constituted ineffective assistance. *People v Pratt,* 254 Mich App 425, 430; 656 NW2d 866 (2002).

## 2. TAX RETURNS AS EVIDENCE

Defendant unconvincingly argues that counsel should have offered his 2012 tax returns[18] as evidence to verify his testimony that he received a substantial tax refund shortly before the offenses occurred. Counsel might have had legitimate strategic reasons for not offering the tax returns as evidence. The returns were prepared by a tax agency on February 15, 2013—and provide no indication that the government issued a refund by February 28, 2013, when defendant was arrested. Moreover, the contents of the tax returns conflicted with defendant's trial testimony in several respects, including: his address at the time of the offenses, how much he earned from the temporary services agency, the nature of his side business, and how much he paid in rent.

Because the tax returns did not prove that defendant received a tax refund before February 28, were otherwise extremely damaging to defendant's credibility, and would have enabled the prosecution to argue that defendant must have had a source of income other than what was reported on the tax returns, it was not objectively unreasonable—and in fact, was probably wise—for counsel to avoid introducing them at trial. Defendant accordingly did not receive ineffective assistance of counsel and his claims to the contrary are without merit.

## E. JURISDICTION

---

[17] Defendant submitted an affidavit from his mother, which states that the gun belonged to a friend of hers. Were we to assume that the mother's affidavit is true, such testimony stating the same would have had no bearing on defendant's trial, because the weapons offenses of which defendant was convicted prohibit *possession* of a firearm, and do not relate to the ownership of a firearm. *Burgenmeyer,* 461 Mich at 438.

[18] Our Court granted defendant's motion to expand the record to include the tax returns. *People v Davis,* unpublished order of the Court of Appeals, entered November 12, 2014 (Docket No. 318059).

In his Standard 4 brief, defendant argues, among other things, that the trial court denied him a fair trial because it lacked personal and subject matter jurisdiction.[19] Both assertions are without merit.

Subject-matter jurisdiction "refers to the power of a court to act and the authority a court has to hear and determine a case." *Wayne Co Chief Executive v Governor,* 230 Mich App 258, 269; 583 NW2d 512 (1998). The circuit court is a court of general jurisdiction and has subject-matter jurisdiction over felony cases. *People v Lown*, 488 Mich 242, 268: 794 NW2d 9 (2011) (footnote omitted). The circuit court also has subject-matter jurisdiction over a misdemeanor that arises out of the same criminal transaction. *People v Reid*, 488 Mich 917; 789 NW2d 492 (2010). Here, the prosecution charged defendant with several felonies and a misdemeanor that occurred during the same transaction—meaning that the circuit court properly exercised subject-matter jurisdiction over defendant's case.

Personal jurisdiction refers to "the authority of the court to bind the parties to the action." *People v Eaton,* 184 Mich App 649, 652-653; 459 NW2d 86 (1990). The circuit court acquires personal jurisdiction over the defendant "upon the filing of a return of the magistrate" after the preliminary examination (if one is needed), or after a waiver of the preliminary examination. *People v Goecke*, 457 Mich 442, 458-459; 579 NW2d 868 (1998). A party may stipulate or implicitly consent to personal jurisdiction and may waive defects therein. *Lown,* 488 Mich at 268.

Here, the preliminary examination was completed on March 28, 2013, and defendant was bound over to the circuit court for trial on April 2. However, because the district court did not complete the relevant paperwork, the return order was entered on April 29 and the circuit court received the document for filing on May 9. In the meantime, the information and habitual offender notice were filed in the circuit court and defendant was arraigned on the information. At arraignment, the court heard defense motions and granted defendant's motion for substitution of counsel and denied his motion to reduce bond. Because defendant appeared in the circuit court without objection, entered a plea to the charges, and sought and obtained certain relief from the court, he implicitly consented to the trial court's exercise of jurisdiction. Thereafter, the circuit court unquestionably obtained jurisdiction when the return was filed, well before defendant was tried, convicted, and sentenced.[20]

---

[19] Once again, defendant failed to raise this claim in the trial court, meaning that it is unpreserved. *Metamora Water Serv, Inc,* 276 Mich App at 382. However, a defect in subject-matter jurisdiction may be raised at any time. *People v Richards*, 205 Mich App 438, 444; 517 NW2d 823 (1994). Whether a court has subject-matter jurisdiction is a question of law that is reviewed de novo on appeal. *People v Laws*, 218 Mich App 447, 451; 554 NW2d 586 (1996). Unpreserved issues are reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

[20] Defendant makes a number of other, unrelated claims of error in his Standard 4 brief that are frivolous and without merit.

Affirmed.


/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Kirsten Frank Kelly

---

The prosecutor's complaint was not defective because it was signed by an assistant prosecuting attorney. A magistrate may issue a felony warrant only if it receives written authorization "signed by the prosecuting attorney" or "security for costs is filed with the magistrate." MCL 764.1(1). MCL 761.1(l) defines "[p]rosecuting attorney" to include, among others, "an assistant prosecuting attorney for a county." The complaint may allege basic facts in terms of the language of the various statutes alleged to have been violated. *People v Cain,* 299 Mich App 27, 52; 829 NW2d 37 (2012), vacated in part on other grounds 495 Mich 874 (2013).

Nor was the information defective. It complied with the requirements of MCL 767.45(1) and MCR 6.112. It did not need to "allege the specific acts by the defendant which are claimed to have constituted the crime. Rather, a charge in which the acts by the defendant are phrased in the language of the statute . . . is sufficient." *People v Kelley,* 78 Mich App 769, 773; 260 NW2d 923 (1977). In any event, "a void or improper information" does not cause the court to lose jurisdiction over the defendant. *Goecke*, 457 Mich at 459.

Finally, the habitual offender notice was not untimely. The notice must be filed within 21 days after the defendant is arraigned on the information. MCL 769.13(1). While the statute requires that the notice be filed within 21 days *after* arraignment, that does not mean that a notice filed before arraignment is invalid. In a case in which the defendant was not arraigned on the information, our Court held that the habitual offender notice was timely because it was contained within the information itself and the information was filed. *People v Marshall,* 298 Mich App 607, 627; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013).

Defendant also argues that he was denied a fair trial because the trial court committed the supposed "errors" described above, and the prosecutor did not "correct" them. But, as noted, the trial court did not commit the errors of which defendant complains.