# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL DOUGLAS CARRICK,

Defendant-Appellant.

UNPUBLISHED
October 23, 2018

No.  336755
Chippewa Circuit Court
LC No.  15-001945-FC

Before:  BECKERING, P.J., and RIORDAN and CAMERON, JJ.

BECKERING, P. J. (*concurring*).

I concur in the result.  Although not outcome determinative, I mainly take issue with the majority's conclusion that Sergeant Brad Clegg's testimony was admissible under MRE 701.

Defendant contends that Sergeant Clegg's testimony regarding the "behavior patterns of typical sexual assault victims" was improper lay and expert opinion testimony under MRE 701 and 702, and that Sergeant Clegg improperly vouched for the victim's credibility.  Defendant did not object to Sergeant Clegg's testimony at trial.  Unpreserved issues are reviewed under the plain error standard.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  To avoid forfeiture under the plain error rule, three requirements must be met: (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights.  The third requirement generally requires a showing that the error affected the outcome of the lower court proceedings.  *Id*.

Opinion testimony by lay witnesses is permissible when that testimony is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  MRE 701.  In addition, the lay opinion testimony must not be based in "scientific, technical, or other specialized knowledge" within the scope of MRE 702.  An "expert" is "a witness qualified as an expert by knowledge, skill, experience, training, or education."  MRE 702.  Expert testimony by a witness is permissible when "the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," and "(1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  MRE 702.

-1-

This Court has held that a police officer may provide lay testimony regarding his observations in a criminal matter and his *"opinion formed as a result of those observations."* *People v Oliver*, 170 Mich App 38, 50; 427 NW2d 898 (1988) (italics in original), modified and remanded on other grounds 433 Mich 862 (1989). MRE 701 and 702, however, restrict this to matters that do not involve specialized knowledge. Although Sergeant Clegg's testimony was not a "technical or scientific" analysis, it was based on his specialized knowledge of trauma and sexual abuse victims and acquired through his training and experience as a police officer. See *People v Petri*, 279 Mich App 407, 416; 760 NW2d 882 (2008); *People v Dobek*, 274 Mich App 58, 76-79; 732 NW2d 546 (2007). His testimony was not a "common sense" opinion but was expressly qualified as arising from his training and experience. See, e.g., *People v Ray*, 191 Mich App 706, 708; 479 NW2d 1 (1991) (officer qualified as an expert gave his opinion regarding the significance of the quantity and shape of crack cocaine found in defendant's possession). Additionally, contrary to the majority's conclusion, Sergeant Clegg's testimony was *not* directly related to his own perceptions of the victim. Rather, he testified regarding the tendencies of victims of trauma and sexual assault without stating that the victim exhibited those tendencies. Sergeant Clegg's testimony constituted expert testimony because it went beyond his perceptions and common sense inferences drawn therefrom and was based on his training and experience as a police officer. Had defense counsel objected to the testimony, it would have been plain error for the trial court to admit the challenged testimony without requiring that Sergeant Clegg be qualified as an expert.

I do agree, however, with the majority's conclusion that because the record demonstrates that Sergeant Clegg would likely have qualified as an expert witness with respect to the post-incident behavior of sexual assault victims, defendant's alleged error was not outcome determinative. See *Petri*, 279 Mich App at 416 (indicating that any error in admitting a detective's definition of "grooming" was harmless because the detective would have qualified as an expert on the basis of his experience or training in child sexual abuse cases).

/s/ Jane M. Beckering