*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
December 21, 2023

v

JEROD LYLE WESTERN,

      Defendant-Appellant.

No. 363566
Wexford Circuit Court
LC No. 2022-013242-FH

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*); operating a motor vehicle without security, MCL 500.3102(2); operating an unregistered vehicle, MCL 257.215; and possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*).[1] The trial court sentenced defendant to serve 6 to 20 years' imprisonment for possession with intent to deliver methamphetamine. Defendant also was sentenced to one year in jail for operating a motor vehicle without security, 90 days in jail for operating an unregistered vehicle, and 16 to 48 months' imprisonment for possession of heroin, all to be served concurrently with the methamphetamine conviction. We affirm.

## I. FACTS

In January 2022, two Michigan State Police (MSP) troopers attempted to pull defendant over for failing to dim his bright lights as he passed them and failing to illuminate his license plate. After making a U-turn to effectuate the stop, however, the troopers quickly lost sight of defendant's truck. A few moments later, the troopers saw defendant driving in the opposite direction on a road parallel to them. After making another U-turn, the troopers began searching for defendant's truck and noticed fresh tire tracks in the snow. The troopers followed the tire tracks and located defendant's truck in a motel parking lot. The truck was unoccupied, but it had recently been driven as the hood above the truck's engine was warm. The truck's passenger seat contained several syringes, and there were two sets of shoe prints

---

[1] The jury acquitted defendant of operating a motor vehicle with a suspended license, MCL 257.904(1).

heading away from defendant's truck toward a tree service truck, in which the troopers discovered defendant and another individual lying on the floor of the truck. The troopers arrested and questioned defendant, and defendant denied ownership or association with the truck found in the parking lot. Upon searching defendant, the troopers discovered a needle cap, a key to the truck, and a piece of paper with trace amounts of a brown substance that was later determined to be heroin. The troopers also searched defendant's truck and found a gray backpack containing several hundred small plastic bags and three digital scales with a white powdery residue on them. The troopers additionally found approximately 100 used and unused syringes in the vehicle's front passenger compartment and 1.6 ounces of methamphetamine in the center console.

At trial, a lieutenant with an MSP narcotics team, who had significant experience handling cases involving methamphetamine, testified about how methamphetamine was commonly packaged and what items were typically used to package methamphetamine for distribution. The lieutenant also explained the quantity of methamphetamine ordinarily purchased and consumed by an average user and, after being shown a photograph of the methamphetamine, scales, and small plastic bags found in defendant's truck, testified that the items and large quantity of methamphetamine, when considered together, were indicative of an intent to deliver the drugs rather than mere possession for personal use. As noted, the jury found defendant guilty of most of the charged offenses.

## II. DISCUSSION

Defendant argues that the trial court erred by admitting the lieutenant's testimony because she was not qualified as an expert witness and because her testimony constituted improper drug-profile testimony that commented on defendant's guilt.[2] We disagree.

"Unpreserved claims of evidentiary error are reviewed for plain error affecting the defendant's substantial rights." *People v Brown*, 326 Mich App 185, 195; 926 NW2d 879 (2018) (quotation marks and citation omitted). The defendant bears the burden of persuasion and, to obtain appellate relief, must show: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To satisfy the third element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

MRE 701, which governs the admissibility of lay opinion testimony, provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally

---

[2] Defendant does not expressly challenge the fact that the lieutenant was not qualified as an expert witness. However, because that is a threshold consideration to his underlying issue regarding whether the lieutenant provided improper opinion testimony, we will treat his brief as having raised that argument.

based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

MRE 702, which governs the admissibility of expert testimony, provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Opinion testimony from a lay witness does "not involve highly specialized knowledge" and is "largely based on common sense." *People v McLaughlin*, 258 Mich App 635, 658; 672 NW2d 860 (2003). As this Court has recognized, however, "the interplay between MRE 701 and MRE 702 is somewhat unclear when a police officer provides testimony based on his or her training and experience." *People v Dixon-Bey*, 321 Mich App 490, 497; 909 NW2d 458 (2017).

Because the prosecution in this case did not list the lieutenant as an expert or move to qualify her as one and the trial court never made a finding that the lieutenant was qualified as an expert, the trial court presumably allowed the lieutenant to testify as a lay witness under MRE 701. The trial court did not err by doing so. The lieutenant viewed a photograph of evidence found in defendant's truck and testified that, based on her extensive training and experience, 1.6 ounces of methamphetamine, particularly when considered together with several small plastic bags and digital scales, was indicative of an intent to deliver rather than of mere possession for personal use. The lieutenant's opinions were based on her personal perceptions during past cases involving methamphetamine and the photograph shown to her. This was a proper basis for her opinion testimony. See *People v Allen*, 331 Mich App 587, 609-610; 953 NW2d 460 (2020), vacated in part on other grounds 507 Mich 856 (2021). The lieutenant's testimony was directly related to whether defendant possessed the methamphetamine with the intent to deliver it rather than for personal use and, as a result, the testimony was helpful to the jury in determining a fact in issue. See *Dixon-Bey*, 321 Mich App at 497.

Moreover, in any event, defendant cannot establish prejudice because the lieutenant's testimony would have been properly admitted under MRE 702. See *People v Petri*, 279 Mich App 407, 416-417; 760 NW2d 882 (2008) (holding that erroneously admitting a police officer's testimony under MRE 701 rather than MRE 702 when the officer "would have qualified" as an expert witness was harmless). The record reflects that the lieutenant had significant experience and training in investigating cases involving methamphetamine, and even defendant acknowledges that she had extensive training and experience in the field. Such "highly specialized knowledge" regarding typical methamphetamine use and packaging for sale falls squarely within the realm of MRE 702, and the lieutenant's testimony could have been admitted as expert opinion testimony. See *McLaughlin*, 258 Mich App at 657-658; *Petri*, 279 Mich App at 416-417.

Next, defendant argues that the trial court erred by admitting the lieutenant's testimony because it constituted improper drug-profile testimony that commented on his guilt. Again, we disagree.

A police officer may not "express an opinion on the defendant's guilt or innocence of the charged offense" because doing so "invade[s] the province of the jury." *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013) (quotation marks and citation omitted). Drug-profile evidence consists of "an informal compilation of characteristics often displayed by those trafficking in drugs" that cannot be used as substantive evidence of a defendant's guilt. *People v Murray*, 234 Mich App 46, 52-53, 56; 593 NW2d 690 (1999) (quotation marks and citations omitted). A drug profile "is nothing more than a listing of characteristics that in the opinion of law enforcement officers are typical of a person engaged in a specific illegal activity." *People v Hubbard*, 209 Mich App 234, 239; 530 NW2d 130 (1995) (quotation marks and citation omitted). Testimony from police officers that the quantity and packaging of drugs found indicate an intent to distribute is not considered to be impermissible drug-profile evidence, and the testimony is not rendered inadmissible by the fact that it embraces the ultimate issue to be decided by the jury. *People v Ray*, 191 Mich App 706, 708; 479 NW2d 1 (1991) ("Rosenstangel testified that the quantity of crack cocaine found in defendant's possession, the fact that the rocks of crack cocaine were evenly cut, and the selling price of crack cocaine on the street clearly indicated that defendant intended to sell the drugs and not simply use the crack cocaine for personal consumption. . . . The fact that the testimony did embrace the ultimate issue of intent to deliver did not render the evidence inadmissible."); *People v Williams (After Remand)*, 198 Mich App 537, 542; 499 NW2d 404 (1993) ("[T]he testimony concerned how the evidence found in defendant's house was routinely used to cut, weigh, package, and sell controlled substances. . . . The trial court did not abuse its discretion in admitting the officer's testimony.").

Here, the lieutenant did not testify that defendant was guilty simply because he possessed innocuous items or exhibited innocent behavior often seen in methamphetamine dealers. See *Murray*, 234 Mich App at 57. Rather, she testified that, based on her experience and training, the scales, several small plastic bags, and 1.6 ounces of methamphetamine found in defendant's vehicle were indicative of possession with intent to deliver rather than possession for personal use. The lieutenant's testimony aided the jury in determining defendant's intent. See *Ray*, 191 Mich App at 708. That the testimony embraced the ultimate issue of defendant's intent to deliver the methamphetamine in his possession did not make the testimony inadmissible. See *id.*; see also *Williams*, 198 Mich App at 542. The record clearly reflects that the lieutenant's testimony was used to explain the typical characteristics of methamphetamine trafficking and the significance of the items found in defendant's truck, and such testimony was admissible because it concerned drug evidence rather than innocuous characteristics attributed to a drug profile. *Murray*, 234 Mich App at 54. Thus, the trial court did not err by admitting this testimony.

Defendant alternatively argues that defense counsel was ineffective for failing to object to the lieutenant's testimony and for failing to request a limiting instruction.[3] Claims of ineffective assistance of counsel present mixed questions of fact and law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Findings of fact are reviewed for clear error, while constitutional issues are reviewed de novo. *Id.* "The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016). Because no evidentiary hearing was held in the trial court, our review is limited to errors apparent from the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).

---

[3] The defendant does not articulate the limiting instruction he now argues his trial counsel should have sought.

Criminal defendants are entitled to the effective assistance of counsel. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks and citation omitted; alteration in original). We presume that a defendant received effective assistance of counsel, and "the defendant bears a heavy burden of proving otherwise." *Id*. (quotation marks and citation omitted).

As previously discussed, the trial court did not err by admitting the lieutenant's testimony. Defense counsel is not considered constitutionally ineffective for failing to raise a futile or meritless objection. See *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Moreover, defense counsel's decisions regarding whether to object and what evidence to present at trial are matters of trial strategy. See *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008); *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). The record reflects that defense counsel used the lieutenant's testimony to further the defense's theory that defendant possessed a large quantity of methamphetamine for personal use out of convenience rather than for distribution. Further, defense counsel's decision regarding whether to request a limiting instruction is a matter of trial strategy, and defense counsel could have reasonably concluded that requesting a limiting instruction would have only further drawn the jury's attention to the damaging testimony. See *People v Rice (On Remand)*, 235 Mich App 429, 444-445; 597 NW2d 843 (1999). In addition, it is questionable that a limiting instruction regarding drug-profiling would have been applicable in any event, given the nature of the lieutenant's testimony. That defense counsel's trial strategies were ultimately unsuccessful does not amount to ineffective assistance of counsel. See *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020).

## III. CONCLUSION

The trial court did not err by admitting the lieutenant's testimony at issue, nor was defense counsel ineffective for failure to object or request a limiting instruction. We affirm.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly